## WILLIAM COLVIN v. J. F. BLYMYER.

### ERROR TO THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.

Argued May 9, 1888—Decided October 1, 1888.

1. Usurious interest in a judgment, which is satisfied upon the giving of a new security for the same amount, cannot afterwards be set up as a credit when suit is brought upon the new security, though in such suit credit is to be allowed for usurious interest paid upon the loan after the satisfaction of the judgment: Rutherford v. Boyer, 84 Pa. 347; Montague v. McDowell, 99 Pa. 265, followed; Campbell v. Sloan, 62 Pa. 481, distinguished.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 30 July Term 1888, Sup. Ct.; court below, No. 403 September Term 1887, C. P.

On August 24, 1887, a scire facias sur mortgage was issued at the suit of William Colvin, assignee of John H. Brice, against John F. Blymyer. The plea was payment.

At the trial on February 18, 1888, the essential facts of the case were, that in September, 1879, a piece of real estate was to be sold in Bedford, and to enable him to buy it, John F. Blymyer arranged to borrow $5,000 from John H. Brice, to be secured by a mortgage upon the property when purchased. By the agreement, the money was to be loaned at the legal rate of interest, but the borrower was to pay $300 in cash to the lender as a bonus. The property was purchased for Blymyer, and, in his absence from Bedford, as a temporary security for the loan, he sent his note, dated September 22, 1879, for $5,000, drawn payable to the order of John H. Brice at three months after date and containing a warrant of attorney authorizing the entry of judgment. This note was delivered to Brice who supplied the full amount thereof that the sheriff's deed for the property to Blymyer might be delivered.

On December 19, 1879, Brice met Blymyer and desired payment of the $300 bonus agreed upon, in money. Blymyer

could not pay, but offered his note to Brice for the amount, and it was accepted. On December 23d, Blymyer paid to Brice $100 upon this note.

On December 24, 1879, judgment was confessed upon the $5,000 note of September 22d, for the full amount thereof. On December 26th, a new bond in $5,000, and a mortgage upon the real estate purchased to secure its payment, were executed by Blymyer in favor of Brice, which bond and mortgage were delivered on January 12, 1880, and on that day the mortgage was duly recorded.

On January 13, 1880, the judgment entered on September 24, 1879, upon the note of September 22d, was satisfied thus: " January 13, 1880, this judgment satisfied by mortgage given to me January 12, 1880:—John H. Brice."

On January 30, 1880, Blymyer paid to Brice $100, and on April 1, 1880, the remaining $100, upon the note of December 19, 1879.

On September 20, 1880, the mortgage and bond for $5,000 dated December 26, 1879, were assigned by Brice to William Colvin who paid the full face value thereof, and brought this suit.

On October 25, 1887, after suit by the scire facias, the defendant paid $843.60, the balance admitted to be due upon the mortgage, without prejudice to the right of either party in the contest which remained, whether the defendant was entitled to have a credit for the payments made as hereinbefore stated on the note for $300, dated December 19, 1879.

The court, BAER, P. J., instructed the jury as follows:

We instruct you to render a verdict for the defendant and direct a motion for a new trial to be had by the plaintiff, on the ruling of which the court will file an opinion directing judgment to be entered on the verdict, or the judgment to be then entered in favor of the plaintiff, for the amount due as the court shall find, as if the directions were given you now.

A verdict was rendered in favor of the defendant. The same day the plaintiff made a motion for a new trial, which motion on March 22, 1888, was overruled and judgment entered for the defendant. Thereupon the plaintiff took this writ, specifying that the court erred:

Arguments.

1. In instructing the jury to find for the defendant.

2. In not instructing the jury to find for the plaintiff for the balance due on the mortgage, without allowing any deduction for the claim of usury set up by defendant.

*Mr. John Cessna* (with him *Mr. M. A. Points*), for the plaintiff in error:

On the bond given September 22, 1879, judgment was regularly entered on December 24th, and this judgment was regularly satisfied on January 13, 1880. The bonus of $300 never entered into either of the $5,000 bonds. Usurious interest included in the amount of a judgment confessed, cannot be recovered back after the judgment has been paid in full: Hopkins v. West, 83 Pa. 109 ; Rutherford v. Boyer, 84 Pa. 347 ; Carlisle v. Bindley, 8 W. N. 69 ; Montague v. McDowell, 99 Pa. 265 ; Huckenstein v. Love, 98 Pa. 518 ; Bly v. Second N. Bank, 79 Pa. 453. The only remedy for the defendant was a suit against Brice to recover back the $300, begun within three months after the last payment.

*Mr. Alexander King*, for the defendant in error:

1. There is no doubt of the fact that usurious interest to the amount of $300 was paid by the defendant to the mortgagee, for the loan of $5,000. It is wholly immaterial under what form or pretence. usury is concealed, our courts will refuse to enforce its payment if it can by any means be discovered: Hartranft v. Uhlinger, 115 Pa. 270. The usury began when Brice took the bond and mortgage for $5,000. He had been paid the interest on it to December 1, 1879, from which date the mortgage bore interest, and $100 cash as part of the bonus. The defendant then legally owed but $4,900, and $100 contained in the debt represented by the bond and mortgage was usury. As to the two last payments, nothing need be said.

2. In Montague v. McDowell, 84 Pa. 265, the judgment which contained usury was satisfied and a new one given. Here the judgment did not contain usury. It is unnecessary to cite authorities, but the attention of the court is called to Campbell v. Sloan, 63 Pa. 481 ; Schutt v. Evans, 109 Pa. 625 ; Earnest v. Hoskins, 100 Pa. 551 ; the last case to show that the assignee of a mortgage who does not inquire of the mortgagor, takes subject to his equities.

OPINION, MR. JUSTICE CLARK:

The judgment note of 22 September, 1879, for $5,000, upon which judgment was entered 24 December, 1879, embraced no usury. Fully $5,000 was loaned by Brice to Blymyer, and this was the consideration of the note. The $300 note given afterwards, ostensibly as a bonus, was doubtless a device to evade the law; payments on that note were applicable to the original debt. On the 23 December, 1879, $100 was paid on this note, and when the judgment was entered on the 24 December, 1879, for $5,000, but $4,900 was owing upon it; therefore, although the note embraced no usury, the judgment confessed upon it did. On 30 January, 1880, $100 more was paid, and on April 1, 1880, the remaining $100; but the judgment was satisfied on the 12 January, 1880, which was before these two payments were made, and of course they could not be credited to a debt that was already paid. On the same day upon which the judgment was satisfied, however, a new bond and mortgage in $5,000 were delivered by Blymyer to Brice, as a security for the same debt, and it is contended that the rule established in Campbell v. Sloan, 62 Pa. 481, and since followed in a long line of cases, must be applied. It is argued that as the $5,000 judgment embraced usury to the extent of $100, the taint attached to the consecutive securities growing out of that transaction.

The doctrine asserted in Campbell v. Sloan is undoubtedly correct, but it will be observed that Brice had obtained a judgment on the original security in this case. Judgment was entered for $5,000, disregarding the $100 paid on the day previous to its entry. This was conclusive, and the judgment could not be attacked collaterally even for usury: Rutherford v. Boyer, 84 Pa. 347. Upon payment of $4,900 the judgment of right should have been satisfied. If the plaintiff refused to allow a credit of $100 and the defendant desired to avail himself of it, he should have had the judgment opened; for, as long as it remained unopened and unreversed, the defendant was precluded from denying that he owed the debt exhibited by the record. The case, as respects this $100, is governed by Montague v. McDowell, 99 Pa. 265.

But the other two payments of $100 each were made after the judgment was satisfied, and after the bond and mortgage

in suit had been executed and delivered.    It is conceded that the bond and mortgage were given for the same debt as the judgment; it was a mere change of securities for the same loan, and the law would apply the $200 of usurious interest, paid after the mortgage was given, as payments on the debt which it secured.    We are of opinion that the court erred in directing a verdict for defendant; the court should have instructed the jury that the defendant was only entitled to a credit for the two payments of $100 each, made 30 January, 1880, and 1 April, 1880, respectively.

The judgment is reversed, and a venire facias de novo awarded.