## J. F. BLYMYER v. WILLIAM COLVIN.

ERROR TO THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.

Argued May 15, 1889—Decided May 27, 1889.
[To be reported.]

(*a*) A borrower received $5,000 giving a bond upon which judgment was entered, agreeing at the time to pay a bonus of $300 for the loan. On

### Statement of Facts.

December 19th, he gave the lender his note for $300, the bonus agreed upon, payable in three instalments.

(*b*) After payment of one instalment on the note, the borrower executed to the lender a new bond for $5,000 secured by a mortgage, whereupon the judgment referred to was satisfied; subsequently, he paid the remaining instalments of the $300 note.

1. In such case, the bonus represented by the note of December 19th was usurious, and in an action by an assignee of the bond and mortgage, the debtor was entitled to credit upon the mortgage debt for all the payments made upon that note: Colvin v. Blymyer, 121 Pa. 582, explained.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 397 January Term 1889, Sup. Ct.; court below, No. 403 September Term 1887, C. P.

On August 24, 1887, a scire facias sur mortgage was issued at the suit of William Colvin, assignee of John H. Brice, against John F. Blymyer. The plea was payment.

At the trial on February 18, 1888, before BAER, P. J., there was a verdict for the defendant and judgment thereon, followed by a writ of error to No. 30 July Term 1888, Sup. Ct., wherein the judgment was reversed, and a venire facias de novo awarded: Colvin v. Blymyer, 121 Pa. 582.

At the second trial on November 26, 1888, the plaintiff put in evidence the mortgage and bond of John F. Blymyer to John H. Brice, dated December 26, 1879, for $5,000, assigned on September 20, 1880, to William Colvin, with credits, and rested. The following facts were then made to appear:

In September, 1879, certain real estate was advertised to be sold at sheriff's sale which John F. Blymyer wished to purchase. To enable him to make the purchase, John H. Brice agreed to loan him $5,000, to be secured by bond and mortgage upon the land when he had obtained the title. For this loan Brice was to receive a bonus of $300. The sheriff's sale was made and the property knocked down to Blymyer. To obtain the sheriff's deed, it was then arranged that Blymyer should give his jugment note to Brice, who would advance the money and enter judgment on the note, as a temporary arrangement until the bond and mortgage could be prepared and delivered, when the judgment was to be satisfied. The judgment note for $5,000 was executed and delivered by Blymyer to Brice on

Charge of Court below.

September 22, 1879, the whole of the $5,000 paid by Brice to the sheriff, and on September 24, 1879,* judgment was entered on the note to No. 26 November Term 1889.

On December 19, 1879, Brice called upon Blymyer for the bonus to be paid for the loan of the $5,000, when Blymyer not having the money, gave to Brice a judgment note for $300, payable January 1, 1880, $100; February 1, 1880, $100; March 1, 1880, $100. Judgment was not entered on this note, but it was paid off by Blymyer as follows: December 23, 1879, $100; January 30, 1880, $100; March 1, 1880, $100.

On December 26, 1879, to carry out the arrangement originally made, Blymyer executed in favor of Brice a new bond for $5,000, and a mortgage securing it upon the property purchased at sheriff's sale. This bond and mortgage were delivered to Brice on January 12, 1880, and recorded the same day. On January 13th, the judgment for $5,000 entered to No. 26 November Term 1879 was marked as follows: "January 13, 1880. This judgment satisfied by mortgage given to me January 12, 1880. JOHN H. BRICE." On September 20, 1880, Brice assigned the bond and mortgage to William Colvin, the plaintiff in this suit, who purchased without inquiry of the mortgagor. Blymyer paid to Colvin the debt and interest upon the bond and mortgage, less credit claimed for the payments made on the note of December 19, 1879, for $300.

The court, BAER, P. J., charged the jury as follows:

The plaintiff in this suit seeks to recover a balance due on a judgment, amounting at this time, as he claims, to $185.92.

This case was tried before, and then the controversy was as to three payments of $100 each, which had not been allowed. We directed the jury then to give credit for those three pay-

---

* In the paper book of the plaintiff in error in Colvin v. Blymyer, 121 Pa. 582, an offer appears in the testimony printed as follows: "I now offer judgment 24th December, No. 26 December Term, 1879." And in the History of the Case in the same paper book the note of September 22, 1879, is copied and followed with this remark: "Upon this note judgment [was] entered in the Court of Common Pleas on the 24th day of December 1879, and there remained until satisfied without any objections from any quarter." In other parts of the "History," the date of the entry of the judgment is given as September 24, 1879. See Matt. XVIII: 7.

## Charge of Court below.

ments, because, though they were called a bonus, they were in reality money paid as usury. The Supreme Court affirmed us as to this being usury, but they say we erred in allowing $300 instead of $200, inasmuch as the first $100 paid, though usury, could not be set off as a payment in this judgment. But as to this, the counsel for the defendant holds that the Supreme Court were led into error by a misprint in the paper books, and now contends that he is entitled to have a credit for the $100 excluded by the Supreme Court.

From the opinion of that court an error does appear. It was assumed by that court that the original judgment for $5,000 was entered on December' 24, 1879, and that the $100, now contended for, was paid the day before the entry; whereas in point of fact the judgment was entered three months earlier, namely, on September 24, 1879, and before the $100 were paid.

We need not inquire whether the court above based its ruling upon the fact there appearing, the payment of the $100 before the entry of the judgment, or on the apparent fact that it was paid before the judgment was marked satisfied, because we are not a court of error, but that court is. They can supervise our rulings; we cannot supervise theirs. [Therefore, as they held that this court should have instructed the jury that the defendant was only entitled to a credit for two payments made, namely, one on January 30, 1880, and one on March 1, 1880, of $100 each, we must and now do instruct you that the defendant is only entitled to credit for the two payments of $100 each, which were made, respectively, on January 30, 1880, and on March 1, 1880; and that, after applying these credits to the amount appearing due after all the undisputed credits have been allowed, the plaintiff will be entitled to a verdict ,for such sum as remains unpaid, interest being computed until this day.] [1]

[A calculation is made which shows a balance of $185.92. The plaintiff's calculation seems to be correct, on the basis of this charge, and your verdict must, therefore, be for the plaintiff for the amount found to be unpaid, which is $185.92.] [2]

If the Supreme Court assumed facts which were erroneous, and if it affected their ruling, the defendant will have a standing in that court, on motion for a modification of its decree, though he may lose his case here.

The jury returned a verdict for the plaintiff for $185.92.

A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this writ, assigning for error:

1, 2. The portions of the charge included in [ ] [1] [2]

*Mr. Alexander King*, for the plaintiff in error.

Counsel cited: Earnest v. Hoskins, 100 Pa. 551; Campbell v. Sloan, 62 Pa. 481; Schutt v. Evans, 109 Pa. 625; Montague v. McDowell, 99 Pa. 265.

*Mr. John Cessna* (with him *Mr. M. A. Points*), for the defendant in error.

Counsel cited: Bly v. Second N. Bank, 79 Pa. 453; Hopkins v. West, 83 Pa. 109; Rutherford v. Boyer, 84 Pa. 347; Montague v. McDowell, 99 Pa. 265.

OPINION, MR. JUSTICE CLARK:

When this case was here before, 121 Pa. 582, the paper book of the defendant in error* erroneously stated that the judgment on the original $5,000 bond had been entered December 24, 1879, and the judgment of this court was founded upon the assumption that this was the correct date of its entry. The correction of this error places the $100 paid December 23, 1879, upon the same footing as the succeeding payments of $100 each, made January 30 and March 1, 1880, respectively.

All of these three payments were made after judgment had been confessed on the original bond; and, as the $300 note, given as a bonus, must be treated as a device to evade the usury laws, these payments upon it must be treated as payments upon the original debt. The bond and mortgage were given for the same debt as the judgment; the transaction was a mere change of securities for the same loan, and the law will apply the payments of usurious interest as payments upon the principal. Had this error of counsel, or of the printer, as the case may be, been called to our attention, we would have modified our opinion, and entered a judgment in accordance with the real facts of the case.

> The judgment is reversed, and a venire facias de novo awarded.

---

*Plaintiff in error, in that case.