[No. 19137.  Department One. — October 6, 1893.]

# W. H. HARRALSON, RESPONDENT, v. A. W. BARRETT ET AL., APPELLANTS.

MORTGAGE — VOID PROVISION FOR TAXES — LOSS OF INTEREST. — A provision in a mortgage that in case of foreclosure the mortgagee may include therein all payments made by the mortgagee "for taxes on said premises, and the taxes of this mortgage or the money hereby secured" is void, and renders void the mortgage as to any interest specified therein, and it is error for the court to allow interest on the mortgage note in an action to foreclose the mortgage.

ID. — PAYMENTS OF VOID INTEREST — WAIVER OF CONSTITUTIONAL PROVISION. — The provision of the constitution rendering invalid an agreement by the mortgagor to pay the mortgage tax, although inserted in the constitution for the benefit of the mortgagor, is a benefit which he may waive if he sees fit, and if he voluntarily fulfills his promise to pay interest, he is bound by his act, and he cannot recover it back, nor have it allowed as a credit on the principal of the loan.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DILIGENCE — APPEAL. — Where a motion for a new trial is made upon the ground of newly discovered evidence, but it is not shown that due diligence has been used in attempting to discover the evidence before the conclusion of the trial, an order denying the new trial will not be reversed upon appeal, although the evidence offered is material and not merely cumulative.

ID. — ABUSE OF DISCRETION. — Newly discovered evidence after defeat is looked upon with suspicion, and the appellate court is always reluctant to interfere with the ruling of the trial court on a motion for a new trial on that ground, and will not do so unless there has been a clear abuse of discretion.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Henry Bleecker*, and *George J. Denis*, for Appellants.

The alteration in the mortgage was a material alteration which was not consented to by the appellant mortgagors, and therefore invalidated it. (Civ. Code, sec. 1700.) The agreement to pay the mortgage tax contained in the mortgage invalidated the agreement as to the interest thereon. (Const., sec. 5, art. XIII.) The court abused its discretion in refusing to grant a new trial on the ground that appellants were taken by surprise by the false evidence of plaintiff, and that since the trial they had discovered new evidence entitling them to a new trial. (*Guy* v. *Hanly*, 21 Cal. 399.)

*Albert M. Stephens*, for Respondent.

The amount paid as interest cannot be recovered back. (Civ. Code, sec. 1479.) The agreement as to the interest is not in

violation of the constitutional provision. (*Marye* v. *Hart*, 76 Cal. 291; *Hewitt* v. *Dean*, 91 Cal. 12.) The newly discovered evidence upon which a new trial is asked is merely cumulative and did not warrant the granting of a new trial. (Hayne on New Trial and Appeal, secs. 21, 90; *People* v. *McDonald*, 47 Cal. 137.)

PATERSON, J. — The mortgage upon which this action was brought provides that in case of foreclosure the mortgagee may include therein all payments made by the mortgagee "for taxes on said premises, *and the taxes of this mortgage or the money hereby secured.*"

It is claimed by appellant that this provision of the mortgage is void, and that the court below erred in allowing interest on the note for the payment of which the mortgage was given as security, and this proposition we think must be sustained. Section 5, article XIII., of our constitution provides that "every contract hereafter made, by which a debtor is obligated to pay any tax or assessment on money loaned, or on any mortgage, deed of trust, or other lien, shall, as to any interest specified therein, and as to such tax or assessment, be null and void." To hold that the clause of the mortgage quoted above is valid would defeat the purposes of this provision. In *Hewitt* v. *Dean*, 91 Cal. 11, Mr. Justice Harrison has clearly set forth the purposes of this provision of the constitution and the circumstances which led to its adoption. The end it attempts to accomplish is "that a portion of the taxes might be collected from the mortgagee, and that the burden upon the mortgagor might not at the same time be increased. A construction such as the respondent seeks to put upon the provision would afford the borrower no relief whatever, for under it the mortgagee could in any case make an agreement that on his payment of the mortgage tax it might be added to the indebtedness due him, and collected as a part of the same." *Marye* v. *Hart*, 76 Cal. 291, cited and relied upon by respondent, is not in point. The contract there was entirely different from the one before us. It simply provided that the mortgagee might discharge "at maturity all taxes or assessments, liens, or other encumbrances now subsisting, or hereafter to be laid or imposed upon

said lot of land or premises, and which may be in effect a charge thereupon"; and that such payments should be considered as secured by the mortgage. This provision was held to be entirely consistent with the provisions of section 4, article XIII., of the constitution, which allows the owner of the security to pay the taxes on the property, in which case they become a part of the debt, but does not allow the owner of the security to add the taxes paid by him on his own security to the mortgage debt. It says: "The tax so levied upon the property affected thereby shall become a part of the debt." The section provides for two assessments—one upon the property, which must be against the owner of the land, and one upon the mortgage, which must be against the owner of the mortgage. It permits the mortgagee, if he pay the tax on the land—and this is frequently done to protect himself—to add the amount thereof to the mortgage debt. Section 5 clearly intends that the tax on the security shall be the debt of the mortgagee, and provides a severe penalty in case of any attempt to put the burden upon the borrower.

It was set up in the answer and claimed at the trial that, after the execution and delivery of the mortgage, "the plaintiff, without the consent of the defendants, or either of them, intentionally altered said mortgage by striking out the words 'other than' . . . . and inserting in place thereof the word 'and.'" The respondent claims that the change was made by him with the full knowledge and consent of the appellants.

The clause is the one hereinbefore referred to, and as originally written or printed in the mortgage read as follows: "And for taxes on said premises *other than* the taxes of this mortgage, or the money hereby secured."

The court found that no alterations were made by the plaintiff after the execution of the instrument, and that it was executed and delivered to the defendants in the form claimed by the plaintiff. There being a substantial conflict of evidence, we cannot disturb the finding. In the testimony of the plaintiff and the defendant Yoakum there is a sharp conflict, plaintiff testifying that he called the attention of Yoakum to the defects in the mortgage, and that the changes were made at the suggestion of the latter, while Yoakum testified that he never authorized the plaintiff to erase the words "other than," and write in

lieu thereof the word "and," and knew nothing whatever of such change having been made.

So far as the defendant Barrett is concerned, the preponderance of the evidence, as shown by the record, seems to be in his favor, but we cannot say there is not sufficient evidence to support the finding. The plaintiff testified that the changes in the mortgage were all made by him at the same time. The defendant Barrett admits that the changes in black ink were made before he signed the mortgage, but denies that the erasure of the words "other than," and the insertion of the word "and" in red ink, were in the instrument at that time. He says: "I did not sign the mortgage until it was complete. After all modifications were made they came back to our side of the house and I signed it. Then the document was acknowledged." If the court below believed the statement of the plaintiff, that the changes were all made at the same time, it was natural to conclude that the defendant Barrett was mistaken in saying that the changes in red ink were not there when he executed the instrument.

The defendants moved for a new trial on the grounds of newly discovered evidence. Among other things they showed by affidavit that the mortgage was acknowledged at least an hour before it was recorded. This was material in view of the statement of the plaintiff that he went immediately after the acknowledgment from the notary's office to the office of the recorder. It was shown by the affidavit of one Pavkovich that the plaintiff after the acknowledgment returned to the office of Yoakum, "sat down near Mr. Barrett's desk, and appeared to be reading it over carefully. While in his hands affiant saw him take a pen in his hand, and either write something in the mortgage, or erase something that was already in the mortgage." This, of course, was material; but while the evidence offered was material, and not merely cumulative, the court below must have believed that the defendants had not used due diligence in attempting to discover this evidence before the conclusion of the trial. Generally newly discovered evidence after defeat is looked upon with suspicion, and the appellate court is always reluctant to interfere with the ruling of the court below on a motion for a new trial on this ground. There must be a.

clear abuse of discretion.   We cannot say that there was such an abuse in this case.   The defendants had reason to believe from the issue that the plaintiff would deny that the changes were made after execution.   His opportunity, therefore, to make such changes without the knowledge of the defendants, and before it was recorded, was naturally a subject of inquiry.   When and where were the changes made?   The notary's book would show the time when the instrument was acknowledged, and the recorder's book would show the time of recordation.   Pavkovich occupied a part of the apartment rented by the defendant Yoakum at the time of the transaction, and stated that Barrett and Yoakum were present in his office most of that day.   He was so close to the parties, he heard them negotiating about the loan.   The court below doubtless thought the defendants ought to have inquired before the conclusion of the trial as to what, if anything, Pavkovich knew about the transaction.

The court found that the sum of $360 had been paid on account of interest on the note, and appellant claims that this amount should be credited on the principal of the loan if the court should find, as we do find, that the clause with respect to payment of taxes on the mortgage prevents the plaintiff, under the provision of the constitution quoted above, from recovering interest.

The defendants were not bound to pay to the plaintiff any interest on the note.   The payment of $360 was a voluntary payment.   If it was made under a mistake of law it cannot be recovered, nor can it be allowed as a credit other than as contemplated when the payment was made.   Upon the finding of the court the case stands in this way:  There is a clause in the mortgage for the payment by the mortgagors of the mortgage tax.   This clause being invalid under section 5 of article XI. of the constitution, *supra*, releases the mortgagors from any obligation to pay the interest stipulated in the note.   The provision was inserted in the constitution for the benefit of the borrower, but it is a benefit which he may waive if he sees fit, and if he voluntarily fulfills his promise to pay interest, it is through a mistake of law on his part or a waiver of a known right.   In either case he is bound by his own act.

The respondent suggests that the decree should not be re-

versed, but simply modified, in case the court should hold that the plaintiff was not entitled to enforce the stipulation as to interest. In support of this contention it is stated that the appeal was not taken until after the sale, and that the land was sold under the decree for less than the principal of the note. But there is nothing in the record to substantiate these statements—nothing about a sale. The findings show, however, that the amount allowed plaintiff by the decree should be reduced in the sum of $883.63, that being the amount of interest improperly allowed by the court below. The judgment, therefore, can be modified without a reversal.

The cause is remanded to the court below with instructions to modify the decree in accordance with this opinion.

HARRISON, J., and McFARLAND, J., concurred.