[S. F. No. 663.     Department One.—March 3, 1898.]

LONDON AND SAN FRANCISCO BANK (Limited), Respondent, v. JULIUS BANDMANN et al., Appellants.

MORTGAGE—INDEBTEDNESS AND ADVANCES—LIEN NOT EXTINGUISHED.—A mortgage given to secure "the present indebtedness" of the mortgagor to the mortgagee, not describing nor referring to notes then evidencing such indebtedness, and also to secure further "advances" to be thereafter made by the mortgagor to the mortgagee, secures the "indebtedness," and "advances," as the "principal obligation," referred to in section 2911 of the Civil Code, regardless of the instruments by which they may be evidenced, or of any change of form thereof, and so long as they remain subsisting obligations under new evidences of the amount thereof, and an action for the amount of the indebtedness and advances secured can be brought upon new notes evidencing the same, the lien of such mortgage is not extinguished under said section 2911 merely by the lapse of time within which an action might have been brought upon the original notes.

ID.—MORTGAGE NOT NEEDING "CREATION" OR "RENEWAL"—CONSTRUCTION OF CODE.—Where the principal obligation secured has never become barred by the statute of limitations, and the lien of the original mortgage has not become extinguished under section 2911 of the Civil Code, there is no occasion to "create" a new mortgage, nor to "renew" the mortgage under section 2922 of the same code, by a "writing executed with the formalities required in the case of a grant of real property."

ID.—"EXTENSION" OF MORTGAGE—BROADENING OF SECURITY.—The term "extended," as used in section 2922 of the Civil Code, refers to a broadening of the security to cover additional advances, or obligations not included in the terms of the original mortgage; and the mortgage is inoperative as to obligations not included in the original mortgage or in a valid extension thereof under that section.

ID.—NOTE OF FIRM NOT SECURED.—The amount of a note executed to the mortgagee by a firm of which the mortgagor was a member, which does not appear to have been any part of the indebtedness of the mortgagor at the time of the execution of the mortgage, nor an advance made in pursuance of the mortgage, is not secured by the mortgage, though incorporated as part of a note evidencing the indebtedness and advances thereby secured.

ID.—AGREEMENT OF MORTGAGOR TO PAY TAXES—INVALID AGREEMENT NOT SHOWN—INTEREST.—Upon foreclosure of a mortgage which assumed the form of a deed and defeasance, an allegation and finding stating that the mortgagee required the mortgagor to pay the taxes upon the land mortgaged without any diminution of the amount by reason of the mortgage, but not stating that the agreement of the mortgagor to pay the taxes was part of the mortgage contract, is not broad enough to establish an agreement violative of the constitution, and making the interest uncollectible.

Id.—Payment of Interest—Waiver of Objection by Mortgagor.—Where the interest upon the mortgage contract was paid by the mortgagor in accordance with his agreement, either directly or by ratification of sales of pledged personal property, the proceeds of which were applied to such payment, he thereby waives objection to the invalidity of the contract for payment of interest, and it is too late for him to complain thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Robert Harrison, for Appellants.

Page & Eells, for Respondent.

GAROUTTE, J.—This action is brought to foreclose a mortgage executed July 21, 1888. This mortgage was given to secure "the present indebtedness of Julius Bandmann to said bank, and such advances as said bank may hereafter make to said Julius Bandmann, with interest thereon at the rate of eight per cent per annum." The case is now before us upon an appeal from the judgment without a bill of exceptions. By the findings of fact it appears that at the time the mortgage was given Bandmann was in debt to the bank in the sum of about sixty-eight thousand dollars which indebtedness was evidenced by two promissory notes. Subsequently these two notes were taken up and new notes given in lieu thereof. Advances were also made by the bank to Bandmann during this time, which were likewise evidenced by notes. Various payments upon some of these notes were made by Bandmann. The moneys so applied were the proceeds of sales of personal property also held by the bank as security for this indebtedness. Upon March 31, 1894, a settlement of the parties was had, and the indebtedness of Bandmann to the bank was thereupon ascertained to be forty-two thousand two hundred and fifty dollars, and a new note given for that amount, all former notes being surrendered and canceled. This new note included the balance of the old indebtedness, and all advances which had been made up to that date. Thereafter an additional advance of one hundred and ninety-one dollars and sixteen cents was made to Bandmann, and a note taken for that amount. It is now sought to foreclose the aforesaid mortgage

to secure the payment of the two notes last mentioned. After these two notes were given, and prior to the commencement of the action, Julius Bandmann conveyed the mortgaged property to Charles Bandmann, who is made a party defendant.

Section 2911 of the Civil Code reads: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." As shown by the finding of facts made by the trial court, it appears that the sixty-eight thousand dollars of indebtedness existing at the time the mortgage was given, July 21, 1888, was evidenced by two certain promissory notes. It is now claimed that these notes were the "principal obligation," and that no action could be brought upon them after July, 1892, and hence the lien of the mortgage became extinguished at that time by virtue of the provisions of the section of the code we have quoted. The mortgage was given to secure a "present indebtedness," and this present indebtedness, and not the notes, was the "principal obligation" called for by the foregoing section of the code; and as long as that indebtedness was kept alive, as long as an action could be brought to recover the debt, the mortgage lien was not extinguished. At the time this action of foreclosure was brought the indebtedness was still owing and recoverable in law. It was evidenced by a promissory note, to be sure, but that fact was immaterial. It was said in *Flower v. Elwood*, 66 Ill. 446: "As a general rule, the mere change in the form of the debt does not satisfy a mortgage given to secure it, unless it is intended to so operate. The lien of the debt attaches to the mortgaged property, and the lien can, as between the parties, only be destroyed by the payment or discharge of the debt, or by a release of the mortgage. Mere change of the form of the evidence of the debt in nowise affects the lien." The same rule stands equally good as to the advances made. These advances were the "principal obligation," and as long as they were kept alive the mortgage lien secured their payment. Whatever might be the law of the case, if this mortgage had been given to secure the payment of a certain promissory note, describing it, we are not now concerned. We have no such case. Here the mortgage was given to secure a certain described indebtedness. Whether in fact it was then evidenced

by a note or other writing is not important. Again, while this indebtedness was subsequently evidenced by a note, still it was the same indebtedness for which the security had been given, and the statute of limitations had not run against it. Hence, the mortgage lien was alive. If this mortgage had been given to secure a certain promissory note, describing it, "and all renewals thereof," there could be no question but that the renewal notes would be secured by the mortgage. Yet, if the original note stands alone as "the principal obligation" referred to in section 2911, the lien would not survive the renewal; but upon such a state of facts the note given and the renewal notes to be given constitute the principal obligation, and hence the mortgage lien under such circumstances would not be extinguished until the statute had run against any and all renewal notes given as provided in the mortgage.

Appellant invokes section 2922 of the Civil Code to support his contention. That section provides: "A mortgage can be created, renewed or extended only by writing executed with the formalities required in the case of a grant of real property." It is now insisted that the subsequent giving of a promissory note to cover the indebtedness mentioned in this mortgage was violative of this section of the code, as being a renewal or extension of the mortgage without a writing indicating such intention. The section is a duplicate of section 1623 of the Field Civil Code of the state of New York, and, as appears by the note and cases thereunder cited, the term "extended," as here used, refers to a broadening of the security to cover additional advances. In the present case there is no attempt to "create" or "renew" a mortgage. This mortgage was created on the date of its execution, and has never needed to be renewed; for, as already declared, the principal obligation was not barred by the statute of limitations when the action of foreclosure was begun. In *Wells v. Harter,* 56 Cal. 342, it was held that the renewal of a note after action upon it had been barred by the statute could not create a mortgage. In that case, while once there had been a mortgage, it had expired by the running of the statute against the note. Consequently, both sections of the code heretofore quoted point to the soundness of the conclusion there reached by the court. In that case the mortgage

was dead by mere lapse of time. In renewing the note it was not even attempted to reanimate the dead mortgage, even conceding such a thing would have been possible. In *German Sav. etc. Soc. v. Hutchinson,* 68 Cal. 52, a mortgage was given to secure a certain promissory note, describing it. Subsequently the time of payment of the note was extended in writing wherein a continuation of the mortgage was specially agreed upon as security for the note as changed. Upon such a state of facts this court held a compliance had been had with section 2922 of the Civil Code. The soundness of this doctrine we heartily concede.

The mortgage in this case assumed the form of a deed and defeasance. Bandmann by his answer alleged that plaintiff required him to enter into an agreement to pay the taxes upon the land mortgaged without any diminution of the amount by reason of the mortgage. Upon this matter it may be conceded the court found the fact substantially as alleged. Yet such allegation and finding are not broad enough to establish an agreement violative of the provisions of the constitution relating to contracts wherein mortgagors agree to pay the taxes assessed upon the mortgage. There are two reasons, and possibly others, why upon this record this provision of the constitution cannot be invoked here: First, by the finding it does not appear that this agreement of the mortgagor to pay the taxes upon the land was a part of the contract of mortgage. If it was a separate agreement, if it was no part of the contract of mortgage, then it has no force here, for it is only the interest specified in the contract that is made uncollectible for a violation of this provision of the constitution. There is no interest "specified" in this contract to pay the tax, unless the agreement be construed as part of the mortgage contract, and unless so construed the provision can have no application. (*Daw v. Niles,* 104 Cal. 111.) Again, in this case the interest has been paid by the mortgagor in accordance with his agreement, and now it is too late for him to complain. (*Harralson v. Barrett,* 99 Cal. 607.) The fact that this interest was paid largely from the proceeds of sales of pledged personal property does not change the complexion of the transaction, especially as the application of these proceeds to the payment of the interest must of necessity have been

ratified by the mortgagor when the balance arising from the settlement of all previous payments of every kind and character was merged in the note upon which this action is brought.

There was included in the large note forming the basis of this action the amount of a one thousand dollar note held by plaintiff and executed by the firm of Bandmann, Nielson & Co. It nowhere appears by the findings of the court that the amount evidenced by this note was either a present indebtedness of Bandmann at the time the mortgage was given, or that it was an advance. It therefore appears that the mortgage furnished no security for its payment, and to that extent the judgment is too large.

For the foregoing reasons the judgment and order are reversed and the cause remanded, with directions that the trial court enter judgment in accordance with the views here expressed.

Harrison, J., and Van Fleet, J., concurred.