[L. A. No. 815.   Department Two. — August 30, 1901.]

MARY MATTHEWS, Executrix, etc., Respondent, v. HENRY
ORMERD et al., Appellants.

MORTGAGE — COTEMPORANEOUS INSTRUMENT — VOID CONTRACT — PAYMENT
OF MORTGAGE TAX — FORFEITURE OF INTEREST. — Where a note and
mortgage bore interest at one per cent per month, a cotemporane-
ous instrument, signed by the mortgagee, agreeing to exact no more
interest than eight per cent per annum, and to refund all interest
paid over eight per cent, after he had paid the mortgage tax out of
said one per cent per month, is to be construed as one with the note
and mortgage, and as constituting an agreement that the mortgagors
would pay the mortgage tax, not exceeding four per cent upon the
amount of the note, in addition to the exacted interest of eight per
cent.  Such contract is void, under section 4 of article XIII of the
constitution, and forfeits all unpaid interest upon the note and
mortgage.

ID. — PAYMENT OF TAXES BY MORTGAGORS — CREDIT UPON MORTGAGE. —
Where the taxes upon the mortgage were in fact paid by the mort-
gagors out of their own money, and the mortgagee simply remitted
the four per cent of interest-money to the mortgagors, the mort-
gagors are entitled to be credited upon the mortgage with the
amount of taxes paid by them; and the mortgagee is not entitled
to recover the unpaid interest.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order denying a new trial.  J. W.
Hughes, Judge.

The facts are stated in the opinion of the court.

Edwin A. Wells, and George H. P. Shaw, for Appellants.

Lloyd & Wood, Campbell, Fitzgerald, Abbott & Fowler,
Metcalf & Metcalf, and V. E. Shaw, for Respondent.

Goodfellow & Eells, amici curiæ, also for Respondent.

TEMPLE, J. — Appeal from the judgment and from an
order denying a new trial.

The action is to foreclose a mortgage given to secure a note
dated September 25, 1893, for five thousand five hundred dol-
lars, due in one year, with interest at the rate of one per cent per
month.  The answer admits all the allegations of the com-
plaint, except the allegation that no part of the principal has

been paid, and sets up another instrument, in writing, which, it is averred,— and so the court found,—was executed by the mortgagee and delivered to the mortgagors at the same time the note and mortgage were executed, and as part of the same transaction.   The writing is as follows: —

"Whereas, Henry and Mary Jane Ormerd, of San Diego, California, have this day, by their attorney in fact, Jeremiah Browell, executed to me their note and mortgage for the sum of $5,500.00, payable in one year, with interest at one per cent per month, now, this is to certify that I will only exact upon said note and mortgage interest amounting to eight per cent per annum, and I agree to refund to said parties all interest paid me by them over and above eight per cent per annum after I have out of said one per cent per month paid the mortgage tax.

"H. MATTHEWS.

"SAN FRANCISCO, CAL., September 26, 1893."

Upon the matter of the payment of the taxes, it was agreed, in substance, at the trial, that the mortgagors paid the taxes and that plaintiff refunded to defendants the excess above eight per cent interest he had received.   Counsel, at the trial, stated the mode a little differently.   Counsel for plaintiff said, " Mr. Matthews sent the money down here to pay these taxes, to Mrs. Ormerd, and out of the money sent by Mr. Matthews to Mrs. Ormerd, the four per cent, she paid the taxes, sent the receipt to him, and retained the balance of the four per cent."

" *Mr. Wells.* — That is substantially true.   Mrs. Ormerd paid the taxes out of her own money first, and subsequently Mr. Matthews refunded the four per cent in excess of the eight per cent."

It was further stipulated that the amount of taxes so paid was $800.13, on the mortgage interest, "and that plaintiff has remitted to the defendant four per cent of the twelve per cent which he had received."

Whichever way the matter is stated, the effect is the same. The plaintiff received eight per cent per annum interest upon his loan, and the mortgagors paid the taxes.   The instruments must be construed as one, and although the note called for twelve per cent, in another part of the same contract the mortgagee agreed that he would exact only eight per cent per annum, and would refund all over that amount after deduct-

ing the taxes. This was what was done year by year, only Mrs. Ormerd first paid the taxes, and then plaintiff refunded the four per cent paid as interest. It was as plainly an agreement for interest at eight per cent, and that the mortgagors would pay the taxes, not exceeding four per cent, upon the amount of the note, as though the contract had been so expressed.

Defendants contend that no interest should be allowed after August 25, 1898, to which time the interest was paid, and that they are entitled to a credit for the amount of taxes paid on the interest of the mortgagee in the mortgaged premises, which, at the time of the rendition of judgment, was stipulated to be the sum of $800.13.

The constitution provides (art. XIII, sec. 4) that a mortgage shall, for the purposes of assessment and taxation, "be deemed and treated as an interest in the property affected thereby," and that the value of the property, less the value of the security, shall be assessed and taxed to the owner, and the value of the security shall be assessed and taxed to the owner thereof. Either party may pay the taxes; if paid on the property by the owner of the security, the tax shall become a part of the debt secured. If the tax on the security is paid by the owner of the property, — the mortgagor, — it shall constitute a payment. The next section makes void any contract which requires the mortgagor to pay the tax on the interest of the mortgagee.

That the mortgagor is directly required to pay the tax on the security to the extent of one third of the rate of interest called for by the note, could hardly be made more evident than it is upon the face of the papers. It is a very thin disguise, if disguise it can be called, to require the debtor to pay an additional four per cent, out of which the lender will pay the tax on his interest in the property, returning the balance to the borrower.

The real contention here is, that this palpable evasion, or rather plain violation, of the constitutional provision has been sanctioned by this court in *Hewitt* v. *Dean*, 91 Cal. 5; *California Savings Bank* v. *Webber*, 110 Cal. 538; and in *Daw* v. *Niles*, 104 Cal. 106. In this counsel are mistaken.

Before considering these authorities it may be remarked that a similar question was passed upon in *Burbridge* v. *Lemmert*, 99 Cal. 493. The device to evade the prohibition of the

constitution was, to have the agreement to repay the taxes to the lender in a separate instrument, with distinct security. The idea was, that the constitutional provision will be strictly construed, and will not be applied to a case not clearly coming within the letter of this provision against usury. Nevertheless, the penalty of loss of interest was exacted in the action to foreclose the mortgage.

In *Hewitt* v. *Dean*, 91 Cal. 5, an independent instrument was executed by the lender, agreeing to deduct $2\frac{1}{2}$ per cent of the $12\frac{1}{2}$ per cent, if tax receipts were presented him by the borrower. This was declared lawful, on the express ground that it imposed no obligation upon the mortgagor, and therefore did not violate the constitutional prohibition. In the present case the mortgagor was obligated to pay the taxes in addition to the interest; for, in the contract, the lender expressly stipulated that he would not exact more than eight per cent for interest. For a construction of *Hewitt* v. *Dean*, 91 Cal. 5, see *Harralson* v. *Barrett*, 99 Cal. 607.

In *California Savings Bank* v. *Webber*, 110 Cal. 538, the rule announced in *Hewitt* v. *Dean*, 91 Cal. 5, was followed without comment.

In *Daw* v. *Niles*, 104 Cal. 106, the contract in regard to the taxes was not in writing, and it was held that it imposed no obligation upon the debtor to pay the taxes. The point of the decision seems to be, that the obligation, which, under the constitutional provision, will deprive the lender of interest, must be one which would have been valid and enforceable but for this provision. Certainly, this case answers that test.

It must follow that defendants were entitled to a credit of the amount paid by them as taxes upon the security, and plaintiff was not entitled to recover the unpaid interest.

The specifications of the particulars in which the evidence was claimed to be insufficient are ample, under the ruling made in *American Type Founders Co.* v. *Packer*, 130 Cal. 459.

The judgment is reversed and a new trial ordered.

McFarland, J., and Henshaw, J., concurred.

A petition for a hearing in Bank was filed and denied, and the following opinion was rendered thereon on the 28th of September, 1901: —

THE COURT.—A rehearing is denied, but since some apprehension has been expressed that the opinion rendered may be understood as overruling the cases of *Hewitt* v. *Dean*, 91 Cal. 5, *Daw* v. *Niles*, 104 Cal. 106, and *London etc. Bank* v. *Bandmann*, 120 Cal. 220,[1] we take occasion to say that such is not the intention. The case in hand is distinguished from these cases. We find no intimation in the opinion to the effect that they are overruled.