[L. A. No. 11274. In Bank.—September 29, 1931.]

MARTHA WESTMAN, Respondent, v. JOHN T. DYE, Appellant.

Chas. S. McKelvey for Appellant.

Andrew J. Capp, Jr., for Respondent.

CURTIS, J.—Action to recover on a promissory note for the sum of $2,500 with interest at eight per cent per annum. The note was dated August 27, 1926. The indebtedness represented by said note was created in the first instance on March 18, 1921, on which date a promissory note for the sum of $2,500 with interest at eight per cent per annum was executed and delivered by the defendant. Thereafter said note was renewed every six months up to the time the note in suit was given and on the occasion of each renewal the payee therein named exacted and the

defendant paid the sum of $125 as a bonus for such renewal.

This action was commenced on the twenty-seventh day of June, 1927, and duly prosecuted to judgment. The court rendered judgment in favor of plaintiff in the sum of $2,300.02, principal, $230, attorney's fees, and $9.50, costs, without allowing any interest whatever on the said principal. The court found that the note was duly executed and delivered and that the same was usurious by reason of the fact that in addition to the interest at eight per cent per annum called for by the note, the defendant paid the sum of $125 as a bonus or premium for the extension of the indebtedness for the period of six months. The court further found that within one year immediately prior to the commencement of the action the defendant had paid as interest on said note the sum of $66.66, which amount the court trebled, and the amount of the trebled interest, or $199.98, the court deducted from the principal sum of $2,500, called for by said note, leaving the sum of $2,300.02 of the principal of said note for which the court rendered judgment, with attorney's fees and costs.

The defendant set up in his answer that during the existence of said indebtedness since its original creation on March 18, 1921, the defendant had paid thereon in interest and bonuses the sum of $1793.37 and asked that this sum be set off against the principal sum of $2,500. The court found these allegations of defendant's answer to be true, but declined to set off any part of said amount, except the interest paid within one year from the date of the commencement of the action, which interest, as before stated, it trebled and deducted the amount of the trebled interest from the principal of said note and rendered judgment for the difference.

Defendant has appealed from the judgment. He frankly states that there is but one question to be determined on this appeal, and that is: "Should the trial court have granted defendant's claim to a rebate in the amount of interest and bonuses paid by him?" He concedes that the relief for which he contends does not arise under any of the provisions of the so-called Usury Act, but claims that it is afforded him under section 1479 of the Civil Code. This section seeks to govern among other things the application

of payments of money made by a debtor to his creditor when there is subsisting between the parties several obligations. This section is divided into three parts. The final part provides that when the debtor manifests to the creditor the obligation to which he wishes the payment to be made, it must be so applied. The second part provides how the creditor may apply payments when the debtor fails to manifest an intention or desire that they may be applied to any particular obligation. The third part provides how payments are to be applied when neither party makes any application of them.

Defendant in a somewhat extended argument seeks to show that this portion of the code has not been expressly or by implication repealed by the Usury Act. In this we think he is correct, but we are utterly at a loss to perceive how this section of the code has any particular bearing upon his defense. In the case of each payment made by the defendant he designated the particular obligation to which he wished it applied and it was so applied by the owner of the note. This met the requirement of the first part of said section, and left nothing to be done under the remaining provisions thereof.

Disregarding, however, this section of the code, has the defendant the right to have the interest payments made by him set off against the amount of the principal of said note? Plaintiff contends that no such right exists and cites the following cases decided by this court: *Harralson* v. *Barrett*, 99 Cal. 607 [34 Pac. 342]; *London & San Francisco Bank* v. *Bandmann*, 120 Cal. 220 [52 Pac. 583], and *Matthews* v. *Ormerd*, 140 Cal. 578 [74 Pac. 136]. These cases arose under section 5 of article XIII of the Constitution of this state prior to its repeal in 1906. This section of the Constitution provided that every contract made by which a debtor was obligated to pay the taxes on a loan secured by a mortgage or trust deed, or other lien, should as to any interest specified therein be null and void. The penalty under the Usury Act is strikingly similar to that imposed by this section of the Constitution. The language of the Usury Act upon this subject is as follows: "Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest and

no action at law to recover interest in any sum shall be maintained . . . '' (Stats. 1919, p. lxxxiii.) In the three cases just cited the defendants therein sought to have applied as set-offs the interest paid by them under an agreement which was violative of said section of the Constitution and in each of said cases this court held that no set-off was permissible. The language of said section of the Constitution, like the provisions of the Usury Act, declares any contract violative thereof null and void as to any interest specified therein. In the first of the three cases above cited this court at page 611 held, ''The court found that the sum of $360 had been paid on account of interest on the note, and appellant claims that this amount should be credited on the principal of the loan if the court should find, as we do find, that the clause with respect to payment of taxes on the mortgage prevents the plaintiff, under the provision of the Constitution quoted above, from recovering interest. The defendants were not bound to pay the plaintiff any interest on the note. The payment of $360 was a voluntary payment. If it was made under a mistake of law it cannot be recovered, nor can it be allowed as a credit other than as contemplated when the payment was made. Upon the finding of the court the case stands in this way: There is a clause in the mortgage for the payment by the mortgagors of the mortgage tax. This clause being invalid under section 5 of article XIII of the Constitution, *supra*, releases the mortgagors from any obligation to pay the interest stipulated in the note. The provision was inserted in the Constitution for the benefit of the borrower, but it is a benefit which he may waive if he sees fit, and if he voluntarily fulfils his promise to pay interest, it is through a mistake of law on his part or a waiver of a known right. In either case he is bound by his own act.''

In the opinion in *Matthews* v. *Ormerd, supra,* and in the same case reported in 134 Cal. 84, 87 [66 Pac. 67, 210], this court refers to said constitutional section and holds, ''It is in its essential elements a usury law.'' Following this holding it applies the rule applicable to cases under usury statutes to said section of the Constitution in the following language, ''the doctrine generally applied to usury laws,—namely, that they are for the benefit of the borrower, and that he may waive the privilege, and that

if he does so and pays the interest he cannot recover it back, is applied to the constitutional provision in question''.

From these decisions it is manifest that this court in proceedings, which it must be admitted are in principle much like those involved in the present action, enunciated the rule that payments of interest under agreements which the Constitution declared to be null and void, could not be set off as against the amount due on its principal obligation. Furthermore, these decisions were, and especially the last one was, based squarely upon the proposition that the law declaring null and void such agreements was in the nature of a usury statute and that the doctrine applied to usury laws should be applied to the constitutional provision then under review. It is then stated in the opinion of the case just referred to that usury laws ''are for the benefit of the borrower, and that he may waive the privilege and that if he does so and pays the interest he cannot recover it back''. The opinion then holds that if the borrower under such circumstances cannot recover back payments of usurious interest, he cannot have them set off as against the principal of the indebtedness. In support of its statement that under the usury laws such payments cannot be recovered back or applied as set-offs to the principal indebtedness the court cited no authority.

Due to the fact that we have had no usury statute, except that governing pawnbrokers, until the act of 1919, the decisions in this state upon this subject have been extremely meager. The question now before us has never before been directly before this court. In other jurisdictions, however, the usury laws have furnished a most fruitful source of litigation. Almost every conceivable question arising under the laws of usury has been the subject of judicial determination on numerous and many occasions. There is no dearth of authorities upon these questions, but the great difficulty is in winnowing from the great mass of decisions those which appear to state the correct and proper rule, approved by the weight of authority. Upon almost every question of any importance arising under the usury laws we find the courts greatly divided, and well-considered authorities are to be found upon either side of such question.

In 39 Cyc., page 1028, we find the following statement of the law on the subject of the right to have payments of

usurious interest set off against the principal, "When payments have been made by the debtor and received by the creditor with the clear understanding that they shall be applied to usurious interest due, there is much difference of opinion as the effect given to such application. Many courts hold that it shall not be disturbed. However, the better opinion seems to be that such application, tending as it does to defeat the policy of the usury laws, will be set aside and the payments applied to a reduction of the principal debt; and the rule has been held to apply when separate notes are given for principal and usurious interest. The money paid in discharging the illegal interest note will be applied in reduction of the principal note though there be no usury on its face. Both form one transaction."

"Ordinarily, as long as any part of an usurious debt remains unpaid, the usurious payments made or agreed to be made may be set off against the whole amount contracted to be paid." (Webb on Usury, sec. 474, p. 554.)

In *Saylor* v. *Daniels*, 37 Ill. 332 [87 Am. Dec. 250], the rule was stated as follows: "While it is the rule of this court that usurious interest once paid voluntarily cannot be recovered back, yet that rule does not apply where the transaction had not been settled, and the lender brings his action for the recovery of an alleged balance. In such case the borrower may defend by claiming a credit for whatever usurious interest be paid in the transaction. This is not using the usury law as a sword, but strictly as a shield." To the same effect are *Dorothy* v. *Commonwealth Co.*, 278 Ill. 629 [L. R. A. 1917E, 1110, 116 N. E. 143]; *Blymyer* v. *Colvin*, 127 Pa. 114 [17 Atl. 865]; *Yetzer* v. *Applegate*, 83 Iowa, 726 [50 N. W. 66]; *Western Sav. Co.* v. *Houston*, 38 Or. 377 [65 Pac. 611]; *Pacific Bldg. Co.* v. *Hill*, 40 Or. 280 [91 Am. St. Rep. 477, 56 L. R. A. 163, 67 Pac. 103].

In *Gladwin State Bank* v. *Dow*, 212 Mich. 521 [13 A. L. R. 1233, 180 N. W. 601, 605, 607], the supreme court of Michigan held, "The rule is well recognized in this jurisdiction that one who voluntarily pays usurious interest may not maintain a suit to recover it while one against whom a usurious contract is sought to be enforced may avail himself of the statute as a defense. The statute is available as a shield; but not as a sword."

In that same case that court also held, "We are satisfied that by the overwhelming weight of authority in this state and elsewhere two propositions are established, i. e.: (1) That where a renewal note is given containing and providing for usurious interest, or where usurious interest is exacted, the defense of usury, not only in the particular note sued upon, but in all of its predecessors where it exists, if it exists in all, is available to the maker as a defense; and (2) that as between the parties to the transaction or holders with knowledge all payments of usurious interest made on the series of notes will be applied by law to the extinguishment of the debt, and this even though the parties have treated such payments as payments of interest. To hold otherwise would be but to point a way to the evasion of this beneficient statute."

In a note to this case in 13 American Law Reports, page 1244, is found the statement that, "Under the rule that where a loan is originally usurious, the defense of usury applies to all renewals thereof, when an action is brought on any renewal no matter how remote, the court will apply all payments of usury as payments *pro tanto* of the principal." In support of this statement there are cited cases from the states of Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Nebraska, Ohio, Oregon, Pennsylvania, South Carolina, Texas and Vermont.

In 39 Cyc., at page 1028, it is stated that many courts hold that payments thus made will not be disturbed, and list decisions from the courts of the following states, Louisiana, New Hampshire, North Carolina, South Carolina, Virginia, Maryland, and also *Carter* v. *Carusi*, 112 U. S. 478 [28 L. Ed. 820, 5 Sup. Ct. Rep. 281]. It is there stated that the rule announced by these latter decisions rests upon the doctrine that "when the law finds two persons *in pari delicto* it will leave them where it finds them. But the parties to a usurious contract are not deemed to be *in pari delicto*. Hence the analogy fails completely." ▇ We might say in this connection that under the Usury Law of this state the parties to a usurious transaction are not regarded as *in pari delicto*. The borrower is expressly authorized to sue for the recovery of treble the amount of all interest paid under such a contract within one year from the date of the commencement of the action. On the

other hand, the lender is penalized by the loss of all interest, and treble that paid within the year, besides being subject to criminal prosecution for violation of the statute prohibiting him from contracting for interest beyond the legal rate fixed therein.

Regarding the case of *Carter* v. *Carusi, supra,* referred to above as holding that usurious interest paid cannot be set off against the principal debt, the Court of Appeals of the District of Columbia had occasion to consider the opinion in a later case coming before said court. It held that the law governing the subject had been so amended that the rule announced in *Carter* v. *Carusi, supra,* was no longer controlling in cases of that character. In its decision the Court of Appeals of the District of Columbia held, "Until the adoption of our code, usurious interest could only be recovered by a separate action brought within one year. (*Carter* v. *Carusi, supra; Lawrence* v. *Middle States Loan Bldg. & Const. Co.,* 7 App. D. C. 161.) But now if suit is brought on the principal debt after payment of usurious interest, such usury may be made a valid set-off against the principal debt." (*Metropolitan Loan & Trust Co.* v. *Schafter,* 44 App. D. C. 356, 373.)

In view of these decisions of the various courts of this country, we think it is quite apparent that the weight of authority upon this question is in favor of the rule allowing payments of usurious interest to be set off against the principal debt in actions brought to collect the latter.

The decisions may have been to the contrary at the time this court in the three cases cited above construed and applied the provisions of section 5 of article XIII of our Constitution making null and void any agreement to pay interest on a note secured by a mortgage or trust deed in which the borrower had agreed to pay the taxes on the lien created by the mortgage or trust deed. If so, they have manifestly changed to a material extent, and now authorize set-offs in such cases. Under these conditions we do not feel warranted in extending the doctrine followed by these cases in applying the provisions of said section of the Constitution to transactions violative of the Usury Act of this state. On the other hand, it seems desirable that the courts of this state should in cases of this character, and for that matter in all classes of cases, where the same can be done with-

out running counter to any principles of law established in this state follow the beaten path trod by the courts in other jurisdictions, and when there is a conflict in the decisions of these courts to accept and follow those principles of law approved and sustained by the weight of authority in these jurisdictions if the same appear equitable and right. Acting upon this policy we are constrained to hold that the defendant in this action is entitled to have set off against the principal of his debt, the payments of usurious interest paid by him on said indebtedness. Such a determination we think was foreshadowed by the recent decisions of this court in *Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609, 621 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805], and *Ames* v. *Occidental Life Ins. Co.*, 210 Cal. 271 [291 Pac. 182].

█ In some jurisdictions where a remedy is given by the statute, as there is in the Usury Act of this state, the statutory remedy is exclusive, and the borrower is relegated to the pursuit of that remedy and is precluded from any further or additional recovery. However, the better opinion and that supported by the weight of authority is that the statutory remedy is cumulative only and as not abrogating the common-law remedy. (27 R. C. L., p. 272; *Baum* v. *Thoms*, 150 Ind. 378 [65 Am. St. Rep. 368, 50 N. E. 357]; *Wheaton* v. *Hibbard*, 20 Johns. (N. Y.) 290 [11 Am. Dec. 284]; *Bexar Bldg. etc. Assn.* v. *Robinson*, 78 Tex. 163 [9 L. R. A. 292, 22 Am. St. Rep. 36, 14 S. W. 227]; *Lee* v. *Hillman*, 74 Wash. 408 [Ann. Cas. 1915A, 759, L. R. A. 1918B, 581, 133 Pac. 583]; *Harper* v. *Middle States Loan etc. Co.*, 55 W. Va. 149 [2 Ann. Cas. 42, 46 S. E. 817].)

Having held that the defendant is entitled to set off the payments of usurious interest, the only remaining question, as to this phase of the case, is as to the amount of set-off to which the defendant is entitled. The court found that the defendant had paid in interest and bonuses the sum of $1793.37. Of this $66.66 was paid in two installments within the year immediately prior to the commencement of the action and the court after trebling this amount, deducted from the principal the trebled amount. The findings of the court show that defendant paid $43.75 interest on September 17, 1921, on the original note given by the defendant. This note was not tainted with usury as it only

bore interest at eight per cent per annum, and no bonus was involved in its execution. It was not until a renewal note was given by which this original note was taken up and discharged that any bonus was exacted of defendant. Deducting these three payments of interest, the first and the last two amounting to $110.40 from the sum of $1793.37 leaves the sum of $1682.97, the amount of usurious interest paid by defendant which the court failed to take into consideration in determining the amount due on the judgment.

While these amounts were not all paid upon the note upon which this suit was brought, as said note was given as a renewal of the prior indebtedness, the taint of usury in the original transaction attached to all renewals thereof. (*Gladwin State Bank* v. *Dow, supra.*) In that case the court has collected an extensive list of authorities supporting its decision which may be consulted by anyone desiring to pursue the matter. We will only refer to one of such authorities as it appears to cover the subject completely, ''If a transaction is usurious in its inception, it remains usurious until purged by a new contract; and all future transactions connected with or growing out of the original are usurious and without valid consideration. An original taint of usury attaches to the whole family of consecutive obligations and securities growing out of the original vicious transaction; and none of the descendant obligations, however remote, can be free of the taint if the descent can be fairly traced. Every renewal of a note given for a usurious loan of money is subject to the defense of usury between the original parties and purchaser with notice; but a renewal in the hands of a *bona fide* purchaser for value, without notice is valid.'' (Webb on Usury, sec. 308, pp. 347, 348.)

Another question presented is whether statute of limitations has run against any of these usurious payments. The rule governing this subject is stated as follows: ''Authorities scarcely need be cited for the proposition that the statute does not begin to run against the right to recover usury paid until the cause of action accrues. And under the statutes generally prevailing, as construed by the courts, the cause of action does not accrue until the usury has been actually paid either in money, or money's equivalent. According to the rule prevailing in some states, that all usurious payments are to be deemed payments upon the principal

debt, usury is not paid until after the whole legal debt is satisfied. Hence under this rule the statute begins to run only after the lawful debt has been actually paid, and not from the time of the agreement to pay usury. Under this rule incorporating usurious interest in a renewal note, or in a series of renewals, does not start the statute running so long as any part of the original usurious loan remains unpaid.'' (39 Cyc., p. 1037.) We held in the cases of *Haines* v. *Commercial Mtg. Co., supra,* and *Ames* v. *Occidental Life Ins. Co., supra,* that payments of usurious interest would be allocated to principal. This means, as we understand the decisions, that the instant a payment is made of usurious interest it is applied to the principal, and the principal indebtedness at the time of such payment is reduced to the extent thereof. Under the rule thus enunciated no part of these usurious payments is barred by the statute of limitations and the defendant is entitled under the findings of the court to a deduction of the principal indebtedness, in addition to that made by the trial court, in said sum of $1682.97. This latter amount deducted from the sum of $2,300.02, the amount of the principal for which the court gave judgment, would leave the amount of $617.05, as the true amount of principal for which the plaintiff is entitled to judgment.

Plaintiff makes the contention that the transaction between the parties hereto was not, and never was usurious. She has made a compilation of figures showing that the actual amount of interest and bonuses paid by the defendant from the date of the execution of the original note to the commencement of this action was $89.13 less than the maximum amount the payee was permitted under the Usury Act to charge and receive. There is no merit in this contention. The usurious character of the contract is not determined by the amount of interest the borrower has paid thereon, but by the amount of interest he has agreed to pay on his said indebtedness. He may not have paid a dollar of interest on his indebtedness yet if the contract calls for a greater rate of interest than that permitted by the statute, the transaction is usurious, and no interest can be collected thereon. This point was determined by the case of *Clement Mortgage Co.* v. *Johnston,* 83 Okl. 153 [201 Pac. 247], cited by plaintiff, from which we quote as follows: ''The test of whether a

contract is usurious, is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal contract rate? If it does exceed such amount, it is usurious; otherwise it is not." From this and many other authorities which might be cited it is held that it is "the interest charge agreed to be paid under the terms of the contract" and not the amount of interest which was actually paid which determines the usurious character of the contract. In each of the renewal notes herein the defendant in the transaction which was the real contract between the parties, paid in addition to eight per cent interest $125 as a bonus for the use of the principal sum of $2,500 for the period of six months. The maximum rate of twelve per cent on this principal sum for the period of six months would produce $150, interest for the period. The actual amount agreed to be paid by the defendant was eight per cent on said principal sum for the period of six months which would amount to $100 plus the $125 bonus, or $225, showing that there was $75 usury in each of these renewal notes.

In accordance with the views expressed above, the judgment is modified by deducting therefrom the sum of $1682.97, and as modified the judgment is affirmed.

Preston, J., Langdon, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.