## NICHOLLS v. SKEEL.

1. USURY CANNOT BE RECOVERED BACK. An action cannot be maintaine under the laws of this State, for the recovery of money paid as usurious interest.

*Appeal from Scott District Court.*

MONDAY, OCTOBER 21.

THE facts are sufficiently stated in the opinion of the court.

*George E. Hubbell* for the appellant.

Usury once paid can be recovered back, both at law and in equity. *Smith* v. *Bromly*, Doug., 696; *Browning* v. *Morris*, Cowp., 790; 1 Story Eq. Jur., § 302; *Smeed* v. *Green.* 5 Ind., 308; *State Bank* v. *Ensminger*, 7 Blackf., 105; *Wheaton* v. *Hibbard*, 20 John., 290; *Willie* v. *Green*, 2 N. H., 333-9; 12 Mass., 35; *Bond* v. *Jones*, 8 Smed. & M. 368; *Bacon* v. *Lee & Gray*, 4 Iowa, 490; *Haggard* v. *Atlee*, 1 G. Greene., 44; *Carlyle & Craggs* v. *Gray*, 10 Ala., 304, Rev. of 1860, 311, § 1787.

*Davison & True* for the appellee, argued: 1 That the English cases which hold that an action will lie for money, had and received to recover back the excess of interest over legal rates already paid, were under the statute of 12 Anne 2, ch. 16, § 1, which provides that all "bonds, contracts and assurances, whatsoever wherein a greater rate of interest has been reserved or agreed upon, than five per cent, shall be utterly *void*, and that all and every person, who shall take and receive anything above this rate, shall forfeit and lose, for every such offense, treble the value of the money, wares, merchandizes and other things, so lent bargained, exchanged or shifted." Under this the English courts held that money paid as usury was on an illegal consideration, and on a contract declared to be illegal and utterly void in all its parts; and that the parties to such illegal contract were not *in pari delicto*; that the object and purpose of the statute was to protect the borrower by placing

all the forfeitures and penalties on the lender. *Smith* v. *Bromley*, cited in the note to *Jones* v. *Barkley*, Doug., 696; *Browning* v. *Morris* Cowp. R. 790; *Clark* v. *Shee* Cowp. R. 197. The American authorities which follow the English construction arise under statutes similar to 12 Anne; but the American cases, even under similar statutes are not uniform. The right to maintain this action has been expressly repudiated in *Bearce* v. *Barston*, 9 Mass. R., 45; *Dix* v. *Van Wyck*, 2 Hill R., 524; *Longworth* v. *Taylor*, 1 McLean 514. 2. These authorities are not applicable to cases arrising under statutes like that now in force in Iowa. *Shelton* v. *Gill*, 11 Ohio, 417; *Spaulding* v. *The Bank of Muskingum*, 12 Ib., 544; *Raine et al.* v. *Scott*, 13 Ib., 114; *Graham* v. *Cooper*, 7 Ib., 605; *Crosby* v. *Bennett*, 7 Met. R. 117; *Gwynn & Co.* v. *Lee et al.*, 9 Gill. (Md.) R., 137; *Shuck* v. *Wright*, 1 G. Greene. 128; *Haggard* v. *Atlee*, Ib., 44; *Sullivan* v. *McLennans*, 2 Iowa, 437; *Carlyle* v. *Gray*, 10 Ala. 302; *Smith Twogood & Co.* v. *Cooper & Clark*, 9 Iowa.

Lowe, C. J.—The question reserved for our determination is, whether usurious interest voluntarily paid by the borrower to the lender can be recovered back. ·

The English statutes are peremptory, and declare usurious contracts absolutely void. A number of the American statutes do the same thing. Other American statutes provide by express enactment for the recovery back of usurious interest. Both classes of these statutes view the borrower as an innocent victim, and the lender a rapacious Shylock, and visit their penalties alone upon the latter. Decisions in England and America based upon these statutes are cited by the plaintiff as his authority for bringing and maintaining an action of this kind.

Our usury law is quite dissimilar in its provisions to the above statutes. It does not declare the contract void. It

prohibits usury as an evil, affecting the business morals of society and the healthy action of trade. It regards the parties to such a contract *in pari delicto*, holds them alike obnoxious to its animadversions, and makes the school fund the recipient of the forfeitures resulting from their illegal acts.

To permit the borrower, under these circumstances, to sue for and recover back usury which he had paid without objection, would be to allow him to take advantage of his own unlawful conduct, defeat the policy of the statute, defraud the school fund, encourage similar violations; and a suit for such a purpose cannot and ought not to be maintained. The Ohio and Massachusetts authorities will sustain this decision.

Judgment below affirmed.