## CALEB W. GARDNER v. MILO D. MATTESON.

*Usury shown in a suit not strictly on the contract.*

The defense of usury is personal and may be waived.
One who voluntarily pays usury cannot recover it back.

If a new security is made to include a sum for unlawful unpaid interest, it is so far without consideration and liable to abatement.

If a mortgagee of chattels seizes them without having previously brought a personal action upon the debt secured, and replevin is brought to recover them, the plaintiff in replevin can show how much has been paid upon the debt.

Comp. L., § 1633, declares that usury shall not avoid a contract, but that *in an action on the contract* judgment may be recovered for the umount due exclusive of the usury. *Held* that this does not confine the question of usury to actions strictly on the contract; the defense may be interposed as against new paper substituted for old and made to include usury; and in an action of replevin for goods seized by a creditor under a chattel mortgage made to secure a usurious demand, the question can be raised by way of showing the entire transaction.

Error to Van Buren.  Submitted October 31, 1877. Decided January 22, 1878.

REPLEVIN.  Plaintiff brings error.  The facts are stated.

*Richards & Mills* (on brief) for plaintiff in error.  Substituting one usurious contract for another does not as between the original parties defeat the right to defend suit thereon by showing usury, *Craig v. Butler*, 9 Mich., 25; *Smith v. Stoddard*, 10 Mich., 148; *Sawyer v. Wiswell*, 9 Allen, 39; *Holden v. Cosgrove*, 12 Gray, 216; *Ritter v. Singmaster*, 73 Penn. St., 400; *Chapman v. Black*, 2 B. & Ald., 588; *Wynne v. Callander*, 1 Russ., 293; *Preston v. Jackson*, 2 Stark., 237; *Myers v. Welles*, 5 Hill, 463; *Dunham v. Dey*, 13 Johns., 40; *Bank of Commonwealth v. Letcher*, 3 J. J. Marsh., 204; ·*Olcott v. Rathbone*, 5 Wend., 490; *Kean v. Dufresne*, 3 S. & R., 233; 1 Pars. N. & B., 217; 1 Dan. Negot. Inst., § 177; whether it operates even to suspend the debt, may depend on the intention of the parties, *Weakly v. Bell*, 9 Watts, 273; *Crocket v. Trotter*, 1 Stew. & P., 440; *Ex parte Barclay*, 7 Ves. Jr., 597; *Smith v. Harper*, 5 Cal., 329.

*Newton Foster* and *Franklin Muzzy* (on brief) for

38 MICH.—26.

defendant in error.    The only remedy on a usurious contract is under the statute, and it must be strictly followed, *Thurston v. Prentiss*, 1 Mich., 193; *Wiley v. Yale*, 1 Met., 553; *Coatsworth v. Barr*, 11 Mich., 199. The title to mortgaged property seized for default in payment passes to the mortgagee, subject only to the right of redemption, *Flanders v. Chamberlain*, 24 Mich., 305; *Tannahill v. Tuttle*, 3 Mich., 104.

MARSTON, J.   On the 12th day of November, 1875, plaintiff in error executed and delivered to defendant in error a chattel mortgage upon a span of horses and other personal property to secure the payment of four hundred and forty-nine dollars according to two promissory notes. These notes not having been paid, as claimed by the mortgagee, he took possession of the mortgaged property, whereupon the mortgagor brought this action—replevin— to recover possession of the property taken.    Upon the trial, Gardner, who was plaintiff below, introduced evidence tending to prove title to the property taken, its unlawful removal from his possession, and the value thereof, and rested.    The defendant then introduced evidence tending to show that the property was taken by him under and by virtue of the chattel mortgage referred to, which with the accompanying notes, were introduced in evidence, when he rested.    The plaintiff in rebuttal offered certain evidence which was rejected.    The offer is not very clear, yet as we understand it, the offer was substantially that in 1869 the plaintiff had borrowed money from the defendant; that when the same became due it was not paid; that a certain amount of usurious interest was then added to the principal sum and a new note given for the amount of such principal and interest; that substantially the same course was adopted on several subsequent occasions as the notes became due; that the notes of November 12th secured by mortgage were thus made up, and included a large amount of usury, and that since the giving of these last named notes, the real prin-

cipal included therein had been fully paid, with compound interest thereon. To the evidence thus offered two objections were made and sustained: *first*, that this was not an action brought upon such notes, and for that reason, under our statute, the question of usury could not be raised; *second*, that the mortgage and notes in question were given upon a complete settlement of all former transactions, and that usury in the old transactions could not therefore be inquired into. The second position is fully covered by *Smith v. Stoddard*, 10 Mich., 148. It was there held that where in a new security a sum is included for unlawful unpaid interest, the security to the extent of such unlawful interest is without consideration, and therefore liable to abatement to that extent.

Neither can, in my opinion, the first position be sustained. The theory upon which the court below proceeded was, that within the doctrine of *Tannahill v. Tuttle*, 3 Mich., 104, the mortgage operated as an absolute transfer of the title to the property mortgaged, and that the debt was thereby paid. This, however, is not the correct doctrine. *Lucking v. Wesson*, 25 Mich., 445. As was there said, the true relation of the parties is that of debtor on the one side and creditor, secured by lien upon the property, upon the other. The mortgagee in this case, by seizing the property was but adopting one of the methods permitted by law to enforce payment of his debt, and the mere fact that he had not previously brought a personal action upon the notes would not preclude the plaintiff in this action, in an action of replevin, where the notes and mortgage were relied upon in defense, from showing that the notes in part were made up of usurious items, and that in all other respects they had been fully paid. He at all events would have a right to show what amount had been paid upon the notes, for the purpose of reducing the amount of the judgment which the mortgagee would be entitled to recover in this case, as his special interest in the property would be governed by

the amount due and not by its value. The defense of usury is a personal one, and may be waived, and so may the party voluntarily pay usurious interest, and where he does so he will not be permitted to recover it back. To this extent the statute undoubtedly goes, but it never was intended that by substituting new paper, with usury added, for the old paper as the same became due, the question of usury could not thereafter be raised, or that the creditor by taking a mortgage upon personal property to secure the payment of such usurious debt could by taking possession of the property and proceeding to sell the same, thereby preclude the debtor, in an action of replevin to recover possession of the property, from showing the entire transaction, upon the theory that the action was not one brought upon the usurious note. To give the statute such a construction would be but pointing out a method for the grasping and unconscionable creditor to evade our usury laws entirely.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.