The Cb^ef-Justioe
delivered the opinion of the court.
Upon the allegations in the bill it is plain that the complainant has mistaken his remedy. At the common law the landlord’s claim for rent is deemed superior to any other demand, and he was, therefore, given his remedy by *47 distress of jthe goods of the tenant, without resort to the courts for judgment and execution. His other right is to sue in the courts of law for use and occupation, or for the agreed rent. He has no standing in a court of equity for the purpose of compelling the payment out of any particular property, unless he has such specific lien by mortgage or otherwise aS to render a resort to chancery necessary to foreclose it. Without this specific lien exists, the remedy at law .is simple and ample. If the landlord distrain or levy upon the property of his tenant for rent, the question of the exemption from levy may be tried by an action of replevin, or in case or trespass for the wrongful seizure. If no such action be brought, the landlord is not prevented from making his money.
It is unnecessary here to examine the effect of the statutes in respect to the rights and remdies of landlords and tenants, because none of them contemplate proceedings in equity, except where a lien exists in the nature of a mortgage duly executed as required by such statutes.
The suggestion that "the claim for rent and supplies furnished is equivalent to a demand for purchase-money and therefore.may be enforced in equity, even if it was correct as to the character of the claim, is not so as to the remedy. The equitable remedies for the enforcement .of liens for purchase money apply only to real property.
The appellant bases his right to file this bill .upon the provision of section 9 of the act of 1869, (Chap. 1715,) providing for setting apart a homestead and personal property to be exempted from forced sale. That section has exclusive reference to real estate claimed as a homestead, and‘authorizes the court to hear and determine the rights of the parties according to the rules and practice of the court of chancery where the creditor claims that -any part of’ the real estate claimed as exempt is nqt exempt within the meaning of the law. The 7th and 8th sections of the act provide a method of ascertaining what personal property is exempt.
The party here having an adequate and complete remedy at law, and there being no statute authorizing a resort to a court of equity for the relief prayed, the demurrer was properly sustained and the bill dismissed. (See Bryan vs. Long, 14 Fla.)
.The decree is affirmed with costs.