TnE Chief Justice
delivered the opinion of the court.
Phillips filed his bill in equity alleging that he obtained a writ of attachment under which the sheriff levied upon certain personal property, to-wit: horses and corn of defendant Crichton. Crichton made application under the statute of 1869, to the sheriff, to set apart the property levied upon, as exempt from levy and sale, and notice was given to the plaintiff of the time and place of appraisement for that purpose. Appellant alleges that the defendant Crichton was not the head of a family, residing in this State, and is therefore not entitled to claim the exemption, and prays an injunction restraining the defendant and the sheriff from proceeding with such appraisement and claim of exemption. The bill was demurred to and the chancellor *157 dismissed the bill for want of equity, whereupon complainant appealed.
If the allegation of the bill is true, that the defendant in attachment was not the head of a family residing in this State, no such exemption can be claimed by him, and no legal impediment exists against the subjection of the property to the payment of debts, and the defendant cannot lawfully prevent it. The statute of 1869 (chap. 1715, sections 7 and 8) provides a mode by which the head of a family residing in this State may have an appraisement of all his personal property and select from it so much as he claims is exempt from levy and sale. [It was said in the opinion in Haynes vs. McGehee, (17 Fla., page 162,) that sections 7 and 8 “provide a method of ascertaining what personal property is exempt.” What I desired to say was, that the law gives the party a means of making selection of property claimed as exempt.] The act does not provide how the questions of fact entitling a party to the exemption are to be determined, •as to personal property. The party cannot determine it, and the sheriff cannot. It depends upon matters of fact to be determined by the courts of law.
It has long been the settled rule that the courts of chancery will not, except in peculiar cases, entertain questions of trespass or other controversies respecting the possession or title of personal property, where an adequate remedy can be had at law-. The exceptions are when the property has some quality or character, the loss of which cannot be adequately compensated for in damages, as when they are articles of great antiquity, or family relics, ornaments, heir looms, &c., whose peculiar value, as such, cannot be estimated in money. See 1 Story’s Eq. Jur., 708, 709; Haynes vs. McGehee, 17 Fla., 159.
But the appellant insists that an act of the Legislature, chapter 1944, being an act to amend an act providing for setting apart exempt property, &c., approved February 24, 1873, (which provides that if a sheriff or other officer shkll levy on and sell any personal property exempt from forced sale, he shall be guilty of a felony and severely punished,) renders it so dangerous to levy upon and sell personal property that sheriffs will not venture to sell, when a claim of exemption is made, and places a creditor at an unfair disadvantage, from which he can only be extricated by the present form of proceeding in a court of equity. It is not correct, however, to assume that because the Legislature may have, unintentionaly or otherwise, created obstacles in the way of the ordinary enforcement of judicial process, (as by increasing the personal hazard of the sheriff,) that a court of equity can assume legislative powers for the purpose of avoiding such obstacles, and create a jurisdiction which it had never had, and which the Legislature had not conferred. If the Legislature had made it a felony in a sheriff to serve and execute legal process, it cannot be said that chancery acquired by • such legislation any additional field for the exercise of its jurisdiction. See Finnegan vs. City of Fernandina, 15 Fla., 379, 383.
We undertook in Loring vs. Wittich, 16 Fla., 498,507, to indicate some of the existing legal remedies in a case of this kind, remedies that yet exist, and it is not necessary to repeat the suggestions there made.
Counsel for appellant insists that in Loring vs. Wittich, the court considered and passed upon the merits of that case, which was similar to this. In that case, however, the Circuit Judge had granted an injunction restraining Loring and the sheriff from further attempts toward an appraisement and selection upon a claim of exemption, the ground of the injunction being that Loring, the defendant in execution, had not in' his affidavit and in his answer stated that he was the head of a family residing in the State. While we did proceed to show that we thought he had stated that fact substantially and in proper terms, to entitle him to have an appraisement made and that if his answer was true he might interpose a “claim” of exemption, s and this court reversed the decree which in terms declared the property liable to levy and sale, and enjoined any further claim or proceeding to exempt it, we also took occasion'to suggest the question whether the suit in equity could be maintained, although that question was not considered in the argument of the case or in the disposition of it. Had this court sustained the injunction, it might well be said that we had sustained the equity jurisdiction.
In the several cases heretofore presented to this court, where this question has occurred, the jurisdiction has uniformly been denied, upon the ground that an adequate remedy existed at law, and there is no legislation extending it to the court of chancery. Finnegan vs. City of Fermandina, 15 Fla., 379; Byan vs. Long, 14 Fla., 366; Haynes vs. McGehee, 17 Fla., 159.
The decree of the Circuit Court dismissing the bill is affirmed, with costs against the appellant.
Mr. Justice Westcott did not sit in this case.