## FESSENDEN *v.* TAFT & a.

A mortgage made in part to secure a fixed sum of money agreed to be paid by the mortgagee on the happening of a definite contingency, is not within the statute prohibiting mortgages to secure future advances.

The *lex loci rei sitæ* determines the validity of mortgages of real estate.

The *lex loci contractus* determines the validity of promissory notes.

The law of Massachusetts allows the parties to contract for any rate of interest, and the provision of the statute of that state "that no greater rate of interest than six per centum per annum shall be recovered in any action except where the agreement to pay such greater rate of interest is in writing," does not render invalid executed oral agreements for a higher rate than six per cent.

When A pays money for land the deed of which is taken in the name of B, the payment, in order to give rise to a resulting trust in B's favor, must be made at the time of the purchase.

BILL IN EQUITY, to foreclose a mortgage of land in New Hampshire, given to secure a promissory note for $4,000, made in Massachusetts by George Taft, and payable to the plaintiff, both Taft and the plaintiff being at the time residents of Massachusetts. Facts found by a referee. The consideration for the note was in part a prior indebtedness of $2,200 from said Taft to the plaintiff, and it was agreed that the balance of $1,800 should be retained by the plaintiff until the release of an attachment upon the premises made in a suit brought by one Roberts against said Taft. Afterwards, said Roberts having prevailed in the suit, the plaintiff paid him the $1,800, and the attachment was dissolved.

In pursuance of a verbal agreement between said Taft and the plaintiff, interest was reckoned and paid on the note at various

rates higher than six per cent. during various periods ending April 28, 1883, when the last payment was made. The Massachusetts Public Statutes, *c.* 77, *s.* 3, provide as follows: " When there is no agreement for a different rate, the interest of money shall be at the rate of six dollars upon each one hundred dollars for a year, but it shall be lawful to pay, reserve, or contract for any rate of interest or of discount; but no greater rate than that before mentioned shall be recovered in any action, unless the agreement to pay such greater rate is in writing."

The defendant, James Taft, claims to own one undivided half of the " Jordan lot," which is part of the premises in controversy, together with the barn on the lot. The land was paid for by George and James Taft, James paying one half, but when did not appear.

The barn on the lot was built by the firm of James Taft & Co., which firm was composed of James, George, and Albert Taft, and was sold on the decease of Albert Taft, as personal property, by the surviving partners, and purchased by James Taft, who has since occupied it. The referee finds that it is personal property

Some evidence was introduced by the defendants to show title in James Taft by adverse possession to one undivided half of the " Jordan lot," and the referee reported certain facts to the court, submitting the question whether upon these facts such title had been acquired.

The plaintiff was allowed to testify to conversations and matters between him and George Taft pertaining to the note and mortgage; and the defendants excepted.

*D. Cross,* for the plaintiff.

*R. M. Wallace* and *H. J. Taft,* for the defendants.

CLARK, J. The note being a Massachusetts contract is governed by the law of Massachusetts. The mortgage, although executed in Massachusetts by citizens of that state, being a conveyance of land in New Hampshire, is controlled by the law of New Hampshire. The consideration of the note being an indebtedness of the maker to the payee of twenty-two hundred dollars, and a promise of the payee to pay to the maker eighteen hundred dollars when the mortgaged premises were released from attachment, was sufficient, and the mortgage is valid by the law of New Hampshire. The amount of the advance, eighteen hundred dollars, the contingency upon which it was to be made, and the obligation of the mortgagee to make it, were definitely agreed upon at the execution and delivery of the note and mortgage, and the agreement was afterwards performed, and the mortgage is not within the New Hampshire statute prohibiting mortgages to secure future advances. *Stearns* v. *Bennett,* 48 N. H. 400; *Abbott* v. *Thompson,* 58 N. H. 256.

The law of Massachusetts allowed the parties to contract for any

rate of interest (Mass. St. of 1867, *c.* 56, *s.* 2), and the payments of interest at the rate agreed upon were legal and binding. *Marvin* v. *Mandell*, 125 Mass. 562. It is immaterial that the agreement was not in writing. The statute does not declare such an agreement illegal : it merely declares "that no greater rate of interest than six per centum per annum shall be recovered in any action, except when the agreement to pay such greater rate of interest is in writing." The question is not whether, under the law of Massachusetts, an oral executory agreement to pay interest at a higher rate than six per cent. can be enforced by action, but whether such an agreement is valid when fully executed. Money paid as usurious interest is allowed to be recovered back on the theory that the law regards the payment as made under duress (*Albany* v. *Abbott*, 61 N. H. 158) ; but the general rule is, that payments voluntarily made with a full knowledge of all material facts cannot be recovered back, even though made upon an illegal consideration which the law would not enforce. *Caldwell* v. *Wentworth*, 14 N. H. 431. In determining the amount due upon the note, the endorsements of interest are to be applied as the parties understood and intended when the payments were made.

The Jordan lot was conveyed to George Taft May 3, 1855, and he held the title when the plaintiff's mortgage was given. James Taft paid one half of the money for the Jordan property, but it does not appear when he paid it. To establish a resulting trust in his favor, it must appear that the payment was made at the time of the purchase, since the trust results by operation of law from the payment of the money, and a subsequent payment would be ineffectual. *Pritchard* v. *Brown*, 4 N. H. 397 ; *Pembroke* v. *Allenstown*, 21 N. H. 107 ; *Francestown* v. *Deering*, 41 N. H. 438 ; *Bodwell* v. *Nutter*, 63 N. H. 446. No resulting trust is shown, and if the facts were sufficient to establish a trust, it could not be set up to defeat the mortgage of the plaintiff who had no notice of it.

The claim of James Taft to title to an undivided half of the Jordan lot by adverse possession is not sustained. The burden is on him to show title, and the referee does not find that he has acquired any title by adverse possession.

The barn built by Taft & Co. on the Jordan lot has always been treated as personal estate, and is now the property of James Taft. No legal ground appears for excluding the testimony of the plaintiff as to transactions with George Taft.

The plaintiff is entitled to a decree of foreclosure of the mortgaged premises, excepting therefrom the barn on the Jordan lot, for the amount due on the mortgage note, being the sum of thirty-three hundred dollars, with interest at six per cent from April 28, 1883.

*Decree accordingly.*

DOE, C. J., was absent: SMITH, J., did not sit: the others concurred.