RUBIE C. CONNOR, CLAUDE E. CONNOR, JEFFERSON D. YOUNG, THOMAS S. KYLE, MARGARET J. PICKARD, OCKLAWAHA RIVER FARMS COMPANY, THE MUNROE & CHAMBLISS NATIONAL BANK OF OCALA, NOBLE W. HARRISON AND GUS A. WATERS, *Appellants,* v. NENA KYLE ELLIOTT AS EXECUTRIX OF THE WILL OF JAMES M. ELLIOTT, DECEASED, *Appellee.*

Opinion Filed January 31, 1917.

Petition for Rehearing Denied March 31, 1917.

Decided upon the authority of Ocklawaha River Farms Company v. Jefferson D. Young *et al.,* present term.

On Petition for Rehearing.

1.  Where a married woman executed jointly with her husband a mortgage to another person, upon her separate property consisting of lands, to secure a debt of the husband and such mortgage was in the form of a deed absolute and expressed a certain consideration in dollars and the woman afterwards instituted a suit in equity against the mortgagee and her

husband to declare the deed to be a mortgage and for an accounting as to the husband's indebtedness, the decree rendered in such suit is binding upon the husband both as to the character of the instrument and the amount of indebtedness found to be due, where the court rendering the decree had jurisdiction of the subject-matter and the person of the defendants; and in another and subsequent proceeding by the mortgagee or his executrix to foreclose the mortgage will be considered as *res adjudicata* as to the husband.

2.  In such a case all the subsequent purchasers of the land with notice, actual or constructive, of the mortgage will be likewise bound by the decree adjudicating the amount of the indebtedness secured by the mortgage.

Appeal from Circuit Court of Marion County; W. S. Bullock, Judge.

Rehearing denied.

*H. M. Hampton* and *Hocker & Martin,* for Appellants;

*Hampton & Hampton,* for Appellee.

---

PER CURIAM.—The appellee filed her bill to foreclose a mortgage given by Rubie C. Connor and her husband to James M. Elliott in 1908. Separate demurrers were interposed to the bill by the several defendants, which demurrers were overruled. From the order an appeal was taken. The questions presented have been discussed in the case of Ocklawaha River Farms Company v. Jefferson D. Young, *et al.,* decided this day.

The order of the Chancellor overruling the demurrer is affirmed upon the authority of that case.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHIT-FIELD and ELLIS, JJ., concur.

## On Petition for Rehearing

ELLIS, J. —This case was decided at the present term of the court upon the authority of Ocklawaha River Farms Company v. Jefferson D. Young, *et al.*

Petitions for a rehearing have been filed in behalf of Claude E. Connor, Noble W. Harrison, Jefferson D. Young, Gus A. Waters, Margaret J. Pickard and the Ocklawaha River Farms Company.

Nena Kyle Elliott as executrix of the last will and testament of James M. Elliott Jr., exhibited her bill in the Circuit Court for Marion County against Rubie C. Connor and Claude E. Connor, Margaret J. Pickard, Jefferson D. Young, Thomas S. Kyle, Noble W. Harrison, Ocklawaha River Farms Company, Munroe & Chambliss National Bank and G. A. Waters to enforce a mortgage lien upon certain lands owned by Rubie C. Connor. The mortgage was executed by Rubie C. Connor and her husband Claude E. Connor in March, 1908, to secure an indebtedness due by Claude E. Connor to J. M. Elliott Jr. It was in the form of a warranty deed and expressed a consideration of Five thousand dollars. The deed was properly acknowledged for record and duly filed in the office of the Clerk of the Circuit Court for Marion County, in March, 1908.

In 1909 Mrs. Connor by her next friend Jefferson D. Young instituted a suit in chancery in the Circuit Court for Marion County against her husband, Claude E. Connor, and James M. Elliott Jr., to declare the deed to be a mortgage to secure the indebtedness of her husband to J. M. Elliott Jr., prayed for an accounting as to

the amount of such indebtedness, and that the complainant may be permitted to redeem the property described in the mortgage by paying the amount ascertained to be due. This suit was resisted by J. M. Elliott Jr., who insisted that the deed was absolute in fact as well as in form. The bill in this case alleges that the issues were duly made up, testimony was taken and a decree rendered adjudging the deed of March, 1908, to be a mortgage, and directing an accounting between C. E. Connor and J. M. Elliott Jr., to ascertain the amount of the indebtedness secured by the mortgage.   On appeal this decree was affirmed by this court.   See Elliott *et al.* v. Connor *et al.*, 63 Fla. 408, 58 South. Rep. 241.   After the death of J. M. Elliott Jr., the cause was revived in the name of Nena Kyle Elliott as Executrix of the last will and testament of J. M. Elliott Jr., deceased, and after the taking of testimony and the report by the master, the Chancellor rendered his decree adjudicating the indebtedness of Claude E. Connor to Nena Kyle Elliott as administratrix to be $19.727.65, with interest from April 12th, 1915, and ordering that the mortgage be cancelled upon the payment of that sum either by Claude E. Connor or Rubie C. Connor to Nena Kyle Elliott as adminstratrix.   The bill in this case alleges that the debt has never been paid.

Margaret J. Pickard, according to the bill, held a mortgage on lands in Range 16 from Rubie C. Connor and her husband dated March 20, 1908, a few days prior to the date of the mortgage to Elliott.   The lands as described in the latter mortgage, however, were in Range 24, and the bill alleged that Margaret J. Pickard had filed her bill to reform the description of the lands by changing the Range from 16 to Range 24, and to foreclose the lien which was claimed to be superior to the Elliott mortgage lien.   The bill in this case alleges that J. M. Elliott Jr.

was an innocent purchaser for value without notice of the mortgage to Margaret J. Pickard, and that the mortgage of the latter was therefore subordinate to the lien of the Elliott mortgage.

The bill alleges that the claims of Thomas S. Kyle and Jefferson D. Young, who claim under a deed from Rubie C. Connor and her husband dated March 19, 1909, and a mortgage dated the same day from Rubie Connor and her husband to Thomas S. Kyle upon the same lands to secure the sum of five thousand dollars, and a deed to Thomas S. Kyle and J. D. Young from Rubie Connor and her husband dated January 14, 1910, con-. veying an undivided one-fourth interest in certain other lands embraced in the Elliott mortgage, for a consideration of ten dollars and other valuable considerations, all arose after the execution of the mortgage to Elliott, and with full knowledge on the part of Thomas S. Kyle and J. D. Young of Elliott's deed and his superior lien upon the lands. It was also alleged that in March, 1909, a *Lis Pendens* was filed by Ruby Connor in the suit against Elliott and her husband to declare the deed absolute in form to be a mortgage, and for an accounting and the right to redeem, and that Thomas S. Kyle and J. D. Young had agreed to pay off and discharge "whatever decree should be rendered by the court in the said case of Rubie C. Connor by her next friend Jefferson D. Young v. Claude E. Connor and J. M. Elliott Jr." That Kyle and Young had permitted part of the lands to be sold for taxes and Joseph Balfour to obtain a tax deed therefor, who had quit-claimed to them in July, 1910. This act is alleged to have been done in fraud and for the pur-pose of defeating the claim of J. M. Elliott.

The bill also alleges that in April, 1913, Rubie C. Con-

nor and her husband executed a mortgage to Noble W. Harrison to secure the sum of one thousand dollars; that the mortgage was upon part of the lands, and was taken by Harrison with full knowledge of the rights and interest of Nena Kyle Elliott as executrix of the will of J. M. Elliott, Jr., deceased, and was subordinate to the lien of the Elliott mortgage.

The bill also alleges that in January, 1913, T. S. Kyle and J. D. Young, in order to cloud the title to the property, and with full knowledge of the rights of J. M. Elliott Jr., conveyed the lands by warranty deed to Z. C Chambliss as Trustee, also in the same month executed to the same person as Trustee a quit-claim deed to certain of the lands and "a deed" to certain other of the lands, and that in February, 1913, Z. C. Chambliss, as Trustee, and his wife conveyed to the Ocklawaha River Farms Company the lands described for a consideration of one dollar and other valuable considerations. It was alleged in the bill that Z. C. Chambliss had no interest or claim in or to the property, and that he acted for T. S. Kyle and J. D. Young for the purpose of getting the title out of them; that he paid no consideration for the property, nor did the Ocklawaha River Farms Company pay any consideration therefor. That the corporation was organized by T. S. Kyle, William Hocker and D. H. Kirkland under an agreement with J. D. Young; that Kyle owns 200 shares of the stock and Kirkland and Hocker two shares each; that Kyle is president, Kirkland vice-president and Hocker secretary and treasurer; that Young owns or claims part of the stock which appears in the name of Kyle, and that the officers and stockholders had constructive and actual knowledge of the rights of J. M, Elliott Jr. and of the decree that had been rendered in the case of Rubie Connor by her next friend J. D. Young,

adjudicating the rights and interest of Nena Kyle Elliott as executrix, etc., and that said decree was *res adjudicata* as to the said corporation.

The bill also alleges that in November, 1914, the Ocklawaha River Farms Company, by T. S. Kyle as President, executed to 'Munroe & Chambliss National Bank of Ocala a "Trust Mortgage" reciting therein a security of $50,000.00. That the mortgage is subordinate to the mortgage lien of Elliott, and all the parties had knowledge of their rights thereunder. That in September, 1914, the Ocklawaha River Farms Company quit-claimed to G. A. Waters a certain part of the lands, and that the said Waters had full knowledge and notice of the rights and interests of J. M. Elliott Jr. and of the complainant, and that Waters' claims are subordinate to the lien of the Elliott mortgage lien. That T. S. Kyle and J. D. Young, in order to cloud the title to the property, had allowed a great part of it to sell for taxes and had procured D. H. Kirkland, a stockholder in the Ocklawaha River Farms Company, to obtain tax deeds therefor.

The bill prayed for the enforcement of the Elliott mortgage lien, the payment by Rubie C. Connor and Claude E. Connor of the amount adjudicated to be due with costs and interest, and in default thereof that the property be sold and the proceeds applied to the payment of the debt secured by the Elliott mortgage as decreed; that the Margaret J. Pickard mortgage be decreed to be a subordinate lien to the Elliott mortgage, and that after the sale Rubie C. Connor, Claude E. Connor, Margaret J. Pickard, J. D. Young, T. S. Kyle, N. W. Harrison, Ocklawaha River Farms Company, Munroe & Chambliss National Bank of Ocala and G. A. Waters and each of them, and all persons claiming by, through or under them.

or either of them, be debarred and foreclosed from all right or equity of redemption in and to the said property; and for general relief and subpoena.

Demurrers were interposed to this bill by Rubie C. Connor, C. E. Connor, Munroe & Chambliss National Bank of Ocala, Ocklawaha River Farms Company, Margaret J. Pickard, T. S. Kyle, G. A. Waters, N. W. Harrison, and J. D. Young, all of which were overruled. From which order the above named defendants appealed.

Now in the case of Ocklawaha River Farms Company, appellant, v. J. D. Young, *et al.*, appellees, decided at this term, the validity of the deed from Rubie C. Connor and her husband C. E. Connor to J. M. Elliott Jr., executed in 1908 and described in this cause, was involved, and we held that the debt due by C. E. Connor to J. M. Elliott, Jr. was a live valid enforceable obligation, and constituted a sufficient consideration for the execution of the same as a mortgage by the husband and wife; that the instrument was a valid obligation, and that at the time of its execution the Ocklawaha River Farms Company, which did not become a purchaser until years afterwards had acquired no interest or claim to the property; that it was charged with notice as to the existence of the liens and incumbrances upon the land which the record might have disclosed; that the deed to Elliott from the Connors had been recorded, and the appellant therefore had constructive notice of its existence when it purchased; that in the transaction between the Connors and Elliott in 1908 there was no injury to the appellant Ocklawaha River Farms Company, nor was there any element of fraud in it; that the appellant was bound by the prior deed, he was charged with notice of its existence, and by common prudence and ordinary diligence

could have ascertained the extent of the incumbrance. What was said in that case as to the validity of the deed from Rubie C. Connor and her husband to J. M. Elliott Jr. in 1908, which had been adjudicated to be a mortgage by the Circuit Court and upon appeal to this court, was applicable to the claims and interests of the appellants in this case, as those claims and interests were set out and alleged in the bill and admitted by the demurrers.

The bill in this case alleged that Claude E. Connor was a party to the suit instituted by his wife against him and James M. Elliott in the Circuit Court for Marion County, to declare the deed to be a mortgage and for an accounting from Elliott as to the amount of indebtedness due by Claude E. Connor and for the right to redeem the land from the lien to secure such indebtedness. That suit was referred to in the case of Ocklawaha River Farms Company v. J. D. Young *et al.*, in which we distinctly held that Mrs. Connor and Elliott were bound by the litigation. Although we did not specifically state that the other party defendant, Claude E. Connor, was also bound by it, we think that upon the authority of that case alone we were correct in holding that he was.

His petition therefore for a rehearing upon the ground that he was not bound by the proceedings and decree in the Connor case, and that we had not so held, is without merit and should be denied. As party defendant in the suit brought by his wife against him and J. M. Elliott Jr. he had his opportunity to show the amount of indebtedness due by him to Elliott, a matter in which he was personally interested, and which was one of the objects of the suit and the reason doubtless for his being made a party to it. We think the decree is *res adjudicata* as to him.

While N. W. Harrison was not one of the parties in the case of Ocklawaha River Farms Co. v. J. D. Young *et al.,* he claims under Rubie C. and Claude E. Connor by mortgage dated April, 1913, and as the Elliott mortgage executed in 1908 was duly recorded, Harrison was of course charged with notice of the existence of the lien which the record disclosed and the extent of it which common prudence and ordinary diligence would have revealed. This is also true as to the claim of Margaret J. Pickard, who claimed under the Connors by a mortgage dated in 1908, a few days prior to the Elliott mortgage, but which according to the allegations of the bill did not describe the same lands, was not recorded until after the Elliott mortgage was recorded and of which J. M. Elliott Jr. had no knowledge, actual or constructive. So far as the interests or claims of Margaret J. Pickard are concerned the decree declaring the deed to Elliott to be a mortgage instead of a deed absolute conveying the fee was a benefit instead of a hindrance. Claiming under Rubie C. Connor, Margaret J. Pickard took subject to the lien placed on the land by Mrs. Connor and her husband.

G. A. Waters was a grantee by quit-claim deed of the Ocklawaha River Farms Company in September, 1914, and J. D. Young had actual knowledge of the transaction between the Connors and Elliott and was party to the suit as next friend of Mrs. Connor in which the deed was held to be a mortgage and the debt ascertained, which decree was binding upon the parties to the suit as well as those claiming under them with notice actual or constructive as to the existence of the mortgage lien.

The petitions for rehearing are, therefore, severally denied.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.