RUBIE C. CONNER *et al., Appellants,* v. NENA K. ELLIOTT, AS EXECUTRIX, *Appellee.*

1. A mortgage, properly executed by husband and wife, conveying the wife's separate statutory real estate as security for the husband's debt, is valid in this State.

2. So far as real estate or immovable property is concerned, the laws of the State where it is situated furnish the rules which govern its descent, alienation and transfer, the construction, validity and effect of conveyances thereof, and the capacity of the parties to such contracts or conveyances, as well as their rights under the same.

3. Although by the laws of the State of a married woman's domicile she has no capacity to execute a mortgage upon her separate estate as security for the debt of her husband, yet if she in that State executes a mortgage of that character upon real estate in another State, whose laws permit a married woman to mortgage her real property to secure a debt, the mortgage will in the latter State be held valid and enforceable by appropriate proceedings. In this case a confirmatory deed of mortgage *was executed in Florida* by the married woman and her husband.

33—Vol. 79

4. The validity and interpretation of personal obligations exe-
cuted and to be performed in one State will be governed by
the laws of that State when sought to be enforced in the
courts of another State.

5. "The *lex loci rei sitae* determines the validity of mortgages
of real estate."

6. "The *lex loci contractus* determines the validity of promissory
notes."

7. "The validity of a mortgage of real estate and its construc-
tion and effect are controlled by the law of the State where
the mortgaged property is situated, although the mortgage
is executed and the parties reside in another State."

Decree affirmed.

*Hampton & Trantham,* for Appellants;

*Hampton & Hampton,* for Appellee.

WHITFIELD, J.—On March 23rd, 1908, Rubie C. Connor
and her husband, C. E. Connor, in the State of Alabama,
executed to J. M. Elliott, Jr., of that State a deed of con-
veyance of lands in the State of Florida, the lands being
the separate property of the married woman.

On March 28, 1908, Rubie C. Connor and her husband,
C. E. Connor, *in the State of Florida,* executed another
deed of conveyance of the lands to correct an error in the
description of the lands in the first mentioned deed.

In a suit of Rubie C. Connor, by her next friend,
brought against her husband and J. M. Elliott, Jr., the
grantee, the conveyance of the lands was decreed to be
under the statute of this State only a mortgage lien on
the lands, and a right to redeem the lands from the lien

of the mortgage was decreed in favor of Rubie C. Connor. Connor v. Connor, 59 Fla. 467, 52 South. Rep. 727; Elliott v. Connor, 63 Fla. 408, 58 South. Rep. 241.

Subsequently the executrix of J. M. Elliott, Jr., brought suit to enforce the mortgage lien given by the deed executed to Elliott by Rubie C. Connor and her husband. An order overruling a demurrer to the bill of complaint was affirmed. Connor v. Elliott, 73 Fla. 217, 74 South. Rep. 649. See also Ocklawaha River Farms Co. v. Young, 73 Fla. 159, 74 South. Rep. 644.

Thereafter an amended and supplemental bill of complaint was filed by the executrix of J. M. Elliott, Jr., against numerous defendants to enforce the mortgage lien on lands in Florida given by the mortgage deed executed to J. M. Elliott, Jr. Rubie C. Connor was by an order of the court allowed to file such pleadings as she desired to do, separate from and not joined in by her husband. The following "separate plea of Rubie C. Connor" was filed: "Comes now the said Rubie C. Connor, who has heretofore been permitted by an order of the court to file pleadings separate from her husband, and for plea to the complainant's supplemental and amended bill of complaint herein, says: That the alleged transactions set forth and described in the complainant's bill of complaint were had wholly in the State of Alabama and not in the State of Florida; that the alleged indebtedness of the said Claude E. Connor accrued and arose in the State of Alabama, and that the alleged mortgage was made, executed and delivered by this defendant and said Claude E. Connor in the State of Alabama; that at the time of the execution and delivery of the same, this defendant and the said Claude E. Connor resided in Gadsden, in the State of Alabama; defendant further says that

by the laws of the State of Alabama, to-wit, Section 4497, Alabama Code of 1907, which law was in force at the time of the execution and delivery of said deed, it is specially provided as follows: '4497. Contracts between husband and wife; she cannot become his surety. The husband and wife may contract with each other, but all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations; but the wife shall not directly or indirectly become the surety for the husband.' Defendant further says that the alleged debt of the said Claude E. Connor was a past indebtedness that arose prior to the time of the making of said deed or mortgage, and that no new or other consideration existed or was paid to this defendant for the execution of the said deed or mortgage, and that the same was given wholly to secure the said indebtednes of the said Claude E. Connor, the husband of this defendant; defendant further says that the lands described in, and involved in said deed or mortgage, were, at the time of the making of same, the separate statutory property of this defendant, and that the effect of the same was to make this defendant a surety for her said husband, which by the terms of the statute law aforesaid was forbidden; by reason of which the said deed or mortgage aforesaid so executed upon the separate property of this defendant to secure the debt of her said husband as aforesaid was and is void and unenforceable. And this defendant pleads the said matters in bar of this suit, and prays the judgment of the court if she shall be required to make further answer to said bill."

This plea was overruled by the court.

By answer, the defendant, C. E. Connor, husband of Rubie C. Connor, presented averments seeking to show

that he was only a nominal party to the suit brought by his wife against him and J. M. Elliott, Jr., as defendants to have the deed of conveyance decreed to be a mortgage, and that he was not bound by the decree therein adjudging the amount of the indebtedness, since it would deprive him of his property without due process of law.

These averments of the answer were stricken.

Other proceedings had in the cause need not be stated at this time.

An appeal from a decree to enforce the lien upon the lands was affirmed by this court at this term without an opinion.

Counsel for the appellants by petition request the court to file an opinion herein so as to show that the questions sought to be presented by the plea of Rubie C. Connor and the answer of C. E. Connor above referred to were passed upon by this court.

In Thompson v. Kyle, 39 Fla. 582, 23 South. Rep. 12, it was held:

A mortgage, properly executed by husband and wife, conveying the wife's separate statutory real estate as security for the husband's debt, is valid in this State.

So far as real estate or immovable property is concerned, the laws of the State where it is situated furnish the rules which govern its descent, alienation and transfer, the construction, validity and effect of conveyances thereof, and the capacity of the parties to such contracts or conveyances, as well as their rights under the same.

Although by the laws of the State of a married woman's domicile she has no capacity to execute a morgage upon her separate estate as security for the debt of her

husband, yet if she in that State executes a mortgage of that character upon real estate in another State, whose laws permit a married woman to mortgage her real property to secure such a debt, the mortgage will in the latter State be held valid and enforceable by appropriate proceedings.

The validity and interpretation of personal obligations executed and to be performed in one State will be governed by the laws of that State when sought to be enforced in the courts of another State. See Dzialynski v. Bank of Jacksonville, 23 Fla. 346, 2 South. Rep. 696; Mattair v. Card, 18 Fla. 761; Ballard v. Lippman, 32 Fla. 481, 14 South. Rep. 154.

"The *lex loci rei sitae* determines the validity of mortgages of real estate.

"The *lex loci contractus* determines the validity of promissory notes." Fessenden v. Taft, 65 N. H. 39, 17 Atl. Rep. 713.

"The validity of a mortgage of real estate and its construction and effect are controlled by the law of the State where the mortgaged property is situated, although the mortgage is executed and the parties reside in another State." 12 C. J. 480; 27 Cyc. 975; I Wharton's Conflict of Laws, p. 669; Dicey on Conflict of Laws, p. 769; Minor on Conflict of Laws, p. 33; Story on Conflict of Lews, Sec. 431, p. 541; Chapman v. Robertson, 6 Paige's Chancery (N. Y.) 627, 31 Am. Dec. 264; McGoon v. Scales, 9 Wall. (U. S.) 23; 5 R. C. L. 927; Ann. Cas. 1913C Notes, p. 230; L. R. A. 1916A, notes 1028, 1059; 57 L. R. A. 524, Notes; 22 Am. & Eng. Ency. Law (2nd ed.) 1337.

This suit is not to enforce a personal obligation against a married woman. It is in the nature of a proceeding

*in rem* against the property to enforce the lien thereon duly executed by the married woman pursuant to the Constitution· and laws of this State wherein the lands are situated. No personal property is involved.

In Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. Rep. 102, relied on by counsel for appellants, the suit was on a bond, to enforce a personal liability, not a suit to enforce a mortgage lien on real estate.

As the validity of the mortgage upon the married woman's estate is determined by the law of Florida where the lands are situated, the asserted provision of the law of the State of Alabama where the first mortgage was executed, that a married woman shall not become a surety for her husband, is not material in a proceeding in the courts of this State to enforce the mortgage lien that is valid under the·Constitution and statutes of the State of Florida where the lands are.

In this case the confirmatory deed was *executed in Florida by the married woman and her husband.* See DeWolf v. Johnson, 10 Wheat. (U. S.) 367.

The holdings that C. E. Connor and his wife, Rubie C. Connor, are both bound by the former and present decrees affirmed by this court, are adhered to. See Connor v. Elliott, 73 Fla. 217, 74 South. Rep. 649; Haynes v. McGehee, 17 Fla. 159; Elliott v. Connor, 63 Fla. 408, 58 South. Rep. 241.

The decree appealed from stands affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.