J. W. RUSSELL and EMILY V. RUSSELL, *Appellants*, vs. LIPE HENSLEE, *Appellee*.

En Banc.
Opinion filed March 28, 1931.

W. J. *Martin,* for Appellants;
D. R. *Peacock* and J. Ben. *Fuqua,* for Appellee.

BUFORD, C.J.—The appeal here is from a final decree of foreclosure in a case where J. W. Russell and Emily V. Russell, the parents of H. W. Russell, executed a mortgage in favor of First National Bank of Brooksville to secure the payment of a certain promissory note evidencing the indebtedness of H. W. Russell to the Bank in the sum of Six Thousand ($6,000.00) Dollars. The mortgage and note were assigned to the appellee.

The evidence shows that the appellants here were indebted to the First National Bank of Brooksville in a large sum of money on an obligation originally made to Henslee and that out of this obligation grew and developed the obligation which is the basis of this suit and that the consideration really passed to the appellants. This, however, is not material to the disposition of the questions presented here.

It is contended by the appellants that the property embraced in the mortgage was the separate statutory property of Emily V. Russell, a married woman, and that as the mortgage was given to secure the debt evidenced by a note executed by a person other than her husband that the separate property of the married woman can not be by any means whatever applied to the payment of that debt.

In this case, like that of Blood vs. Hunt, 97 Fla. 577, 121 Sou. 886, the provisions of section 2, Article XI of the Constitution are not applicable and, therefore, it is useless to discuss those provisions and their application.

The validity of the mortgage in this instance is determined by the application of section 3801 R. G. S., 5674 C. G. L., and the authorities cited in the Compiled General Laws under that section. The language of the section itself is sufficient to remove any doubt as to the authority of the wife to make the conveyance which is here under consideration. The language is:

"Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage."

Section 3803 R.G.S., 5676 C.G.L., and section 3949 R. G.S., 5868 C.G.L., fix the requirements of a valid conveyance by the wife of her separate statutory property. The former section reads as follows:

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint,

apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements.''

The latter section is as follows:

''The husband and wife shall join in all sales, transfers and conveyances of the property of the wife, other than personal property and choses in action.''

The law as stated in Herald vs. Hardin, 95 Fla. 889, 16 Sou. 863, is applicable to this case with the same force and effect as if the mortgage had been given to secure the debt of the husband. In that case this Court, speaking through Mr. Justice Terrell, said:

''This Court has repeatedly held that a wife may incumber her separate statutory property to secure a debt made by her husband. It makes no difference whether the consideration for the husband's debt benefits the wife or enhances the value of her separate property. Dzialynski v. Bank of Jacksonville, 23 Fla. 346, .... So. Rep. ....; Ballard v. Lippman, 32 Fla. 481, 14 So. Rep. 154; Connor v. Elliott, 73 Fla. 217, 74 So. Rep. 649; Ocklawaha River Farms Co. v Young, 73 Fla. 159, 74 So. 644.''

In Dzialynski et al. vs. Bank of Jacksonville, 23 Fla. 346, 2 Sou. 696, this Court definitely settled the question in the following language:

''The language of our statute is that a married woman owning real estate of inheritance in this State may sell, convey, transfer or mortgage the same, *in the same manner as she might do if she were sole and unmarried*. The statute puts only two restrictions upon this right: 1st, That her husband shall join in such mortgage or conveyance, and 2nd, That it shall be acknowledged and authenticated in a particular manner described. McClellan's Digest, 755, sec. 9. There is no condition as to the nature of the debt for

which she can mortgage her property, and we see no reason why, when the husband joins in the mortgage and it is properly acknowledged and authenticated, the wife cannot make a valid mortgage for the securing of any kind of a debt that a person *sui juris* could.

For the reasons stated, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.