OUIDA MALLOY MCKEE, *et vir.*, v. FIRST NATIONAL BANK AND TRUST COMPANY IN ORLANDO.

159 So. 669.

Opinion Filed February 27, 1935.

*E. W. & R. C. Davis* and *Waller & Pepper,* for Appellants;

*Giles* and *Gurney,* for Appellee.

PER CURIAM.—This is an appeal from a final decree of foreclosure rendered in a proceeding where the defense was

that the defendant married woman, whose separate property was sought to be bound and foreclosed against, did not appear before the Notary Public whose name appears on the certificate, or before any officer authorized to take acknowledgments, by reason of which it was averred that the mortgage and crop lien on the separate property of the defendant married woman given as security for her husband's debt, was unenforceable under Section 1 of Article XI of the State Constitution.

The pleadings also presented the issue whether or not the mortgage and crop lien on the separate property of Mrs. McKee, the married woman defendant, had been properly executed by her in the presence of two witnesses as required by law for a married woman's mortgage encumbering her separate property for her husband's debt.

Evidence on both issues was taken before a master whereupon the Chancellor, after due hearing, rendered his final decree in favor of complainant below which is appellee here.

On the question whether or not the court erred in excluding appellant's tendered evidence designed to show that about thirteen months after the mortgage in controversy in this case was executed, the same notary who testified in this case in support of her certificate of acknowledgment, had taken other acknowledgments of the same married woman to other instruments, absent the personal appearance of said married woman before the acknowledging officer, we hold that such evidence, relating as it does to a separate and distinct transaction long subsequent to the transaction herein attacked as invalid was properly ruled out as inadmissable under the *"res inter alias acta"* rule of evidence. See 10 R. G. L. par. 104, *et seq.* The other evidence refused on appellants' behalf tendered to show that her property bene-

fited nothing by the consideration paid for the mortgage and crop lien given on her separate property, was also properly rejected on the authority of Russel v. Henslee, 101 Fla. 1318, 132 Sou. Rep. 489, and Herald v. Hardin, 95 Fla. 889, 116 Sou. Rep. 863.

The weight and sufficiency of the evidence on the issue of whether or not the mortgage had been properly executed and acknowledged was one within the province of the Chancellor to decide, the evidence being conflicting and there being evidence on which the Chancellor was amply warranted in deciding in favor of the complainant. Under the circumstances shown of record, it cannot be said that the Chancellor's findings are clearly wrong, therefore they should not be disturbed as insufficient to support the decree appealed from in this case. Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 Sou. Rep. 893, and cases cited.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.