M. T. JOHNSON, *et u.r.*, v. ANNIE B. DEIS, *et vir.*

179 So. 689.

Division A.

Opinion Filed March 3, 1938.

S. Colquitt Pardee, Mattie W. Tompkins and S. Colquitt Pardee, Jr., for Appellants;

Thomas A. McNicholas, for Appellees.

BUFORD, J.—From a decree of foreclosure of mortgage on homestead in which the answer of the married woman defendant set up the defense that she did not appear before a Notary Public and that no acknowledgment was taken by or before the Notary Public purporting to notarize the mortgage, which decree was in favor of the complainant, appeal was entered bringing the final decree for review here.

The questions presented by the appellant do not comply with Rule 20, but we will not delay the disposition of the cause by requiring the appellant to comply with the rule in this regard.

The questions for our determination are whether or not the evidence, though conflicting, is sufficient to warrant the entry of the final decree.

There was some direct and positive evidence that the Notary Public did not assume to take the acknowledgment of Rosa A. Johnson, wife of M. T. Johnson, although the Notary Public was present when the mortgage was signed

by M. T. Johnson and that Rosa A. Johnson left the bedroom, where M. T. Johnson lay sick, with the mortgage, pen and ink and immediately returned with the signed mortgage and delivered it to the Notary Public to be delivered to the mortgagee. The certificate of the Notary Public is, as we have heretofore held, *prima facie* evidence of the acknowledgment as stated therein. See Mills v. Hamilton, 121 Fla. 435, 163 So. 857; Smith v. McEwen, 119 Fla. 588, 161 So. 68.

The testimony of Mrs. Johnson was in many respects contradicted by other witnesses and was not convincing.

In this case the decree should be affirmed upon authority of McKee, *et al.,* v. First National Bank & Trust Co. in Orlando, 118 Fla. 505, 159 Sou. 669, and cases therein cited, in which we said:

"The weight and sufficiency of the evidence on the issue of whether or not the mortgage had been properly executed and acknowledged was one within the province of the Chancellor to decide, the evidence being conflicting and there being evidence on which the Chancellor was amply warranted in deciding in favor of the complainant. Under the circumstances shown of record, it cannot be said that the Chancellor's findings are clearly wrong, therefore they should not be disturbed as insufficient to support the decree appealed from in this case. Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 Sou. Rep 893, and cases cited."

It is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.