LAWRENCE HAWTHORNE, APPELLANT, *v.* J. M. WALTON AND MABEL K. WALTON, RESPONDENTS.

No. 3882

March 2, 1956.                                      294 P.2d 364.

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Calvin C. Magleby,* of Las Vegas, for Respondents.

## OPINION

By the Court, EATHER, J.:

This is an appeal by the plaintiff from an order granting a motion of defendant to dismiss the complaint of plaintiff on the grounds that the complaint failed to state a claim upon which relief could be granted.

The complaint alleges the facts which we will now set forth. The complaint consisted of two causes of action, in the first of which the plaintiff (appellant) alleged that on the eighth day of March, 1954, the defendants (respondents) at the request of plaintiff, loaned and advanced to plaintiff the sum of $45,000, upon a certain promissory note of that date for the sum of $50,000, signed by plaintiff, with interest at the rate of 10 percent per annum; and further, that as a condition of making said note, the defendants did take and receive upon said note from the plaintiff a bonus of $5,000, thereby exceeding the established and allowable rate of interest under the laws of Nevada. The plaintiff further alleged that on or about the first day of September, 1954, he paid the amount of the principal and interest due on said note of $50,000.

In the second cause of action plaintiff alleged that on or about the fifteenth day of June, 1954, the defendants loaned the plaintiff the sum of $18,000 upon a promissory note of that date, for the sum of $20,000, signed by the plaintiff and providing for interest at the rate of 10 percent per annum; that as a condition of making said note the defendants did take and receive upon said note a bonus of $2,000, thereby exceeding the established and allowable rate of interest permitted under the laws of the State of Nevada. Plaintiff further alleged that on or about the first day of September, 1954, he paid the amount of the principal and interest due on said note of $20,000. The plaintiff asks judgment for the sum of $5,000 upon the first cause of action, and for the sum of $2,000 upon the second cause of action, claiming that each was in excess of the legal amount of interest allowable under the laws of Nevada.

The defendants in due course filed their motion to dismiss the complaint on the ground that the complaint failed to state a claim upon which any relief could be granted. The trial court granted the motion to dismiss and entered judgment accordingly. Plaintiff seeks review of the judgment and insists that error was committed by the trial court in granting the motion to dismiss the complaint.

## QUESTION TO BE DETERMINED

Whether, under sec. 4323, N.C.L.1929, usurious interest voluntarily paid is recoverable by the person paying it, upon the ground that, notwithstanding the voluntary nature of the payment, usurious interest is to be regarded in law as paid under compulsion, or whether under such section payment is to be regarded as a waiver of the benefit provided by statute in favor of the borrowers.

In determining the question presented on this appeal and recognizing that there are conflicting decisions from other jurisdictions, we are confronted with the task of examining the statutes of various states and must also remind ourselves that usury was not illegal at common law; therefore, a statute which prohibits the exaction of usury is the source from whence stems the power of the court in dealing with such matters.

Section 4323, N.C.L.1929, provides as follows: "Parties may agree, for the payment of any rate of interest on money due, or to become due, on any contract, not exceeding, however, the rate of twelve percent (12%) per annum. Any judgment rendered on any such contract shall conform thereto, and shall bear the interest agreed upon by the parties, and which shall be specified in the judgment; provided, only the amount of the original claim or demand shall draw interest after judgment. Any agreement for a greater rate of interest than herein specified, shall be null and void and of no effect as to such excessive rate of interest." As amended, Stats. 1913, 31.

Plaintiff contends that under this statute usurious interest, even though voluntarily paid, is to be regarded as paid under compulsion and recoverable by the person paying. The authorities cited in support of this contention all deal with statutes which expressly provide a right to the recovery back of interest paid. Cf. Richeson v. Wood, 158 Va. 269, 163 S.E. 339, 82 A.L.R. 1189.

In the absence of such statutory provision, the clear weight of authority is to the effect that usurious interest voluntarily paid is not recoverable. Harralson v. Barrett, 99 Cal. 607, 34 P. 342; London and San Francisco Bank v. Bandmann, 120 Cal. 220, 52 P. 583; Matthews v. Ormerd, 140 Cal. 578, 74 P. 136; Nicholls v. Skeel, 12 Iowa 300; Crisman v. Corbin, 169 Ore. 332, 128 P.2d 959; Vermont Loan & Trust Co. v. Bramel, 111 Ore. 50, 224 P. 1085; Gladwin State Bank v. Dow, 212 Mich. 521, 180 N.W. 601, 13 A.L.R. 1233; Gardner v. Matteson, 38 Mich. 200; Wright v. First National Bank of Monroe, 297 Mich. 315, 297 N.W. 505; Chase & Baker Co. v. National Trust and Credit Co., D. C., 215 Fed.Rep. 633; Cook v. Wolf, 296 Ill. 27, 129 N.E. 556; Payne v. Newcomb, 100 Illinois 611, 39 Am.Rep. 69; Bell v. Barnes, 238 Ala. 248, 190 So. 273; Fessenden v. Taft, 65 N.H. 39, 17 A. 713; see 55 Am.Jur. 402.

As stated by the Michigan Supreme Court in Gardner v. Matteson, supra, "The defense of usury is a personal one, and may be waived, and so may the party voluntarily pay usurious interest, and where he does so he will not be permitted to recover it back." The same court in Gladwin State Bank v. Dow, supra, stated, "The statute is available as a shield but not as a sword."

Under sec. 4323, N.C.L., no provision is made for the recovery back of usurious interest voluntarily paid. Such payment, then, is to be regarded as a waiver of the benefit conferred upon the borrower by the statute.

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.