807 So.2d 797 (2002)
Joseph Edward BEALE, Michael F. Beale, Roger A. Beale, Sr., John P. Beale, and Mary Jo Pickett, Appellants,
v.
Nancy BEALE, Appellee.
No. 1D01-392.
District Court of Appeal of Florida, First District.
February 26, 2002.
*798 Charles P. Pillans, III, and Patrick P. Coll, Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellants.
J. Michael Lindell, Lindell & Kellison, P.A., Jacksonville, for Appellee.
PER CURIAM.
This is an appeal from the trial court's granting of Appellee's motion for summary final judgment in an action to impose a constructive trust on real estate located in the Bahamas. Although the trial court ruled in favor of Appellee on the basis of Florida law, we affirm under Bahamian law.

I.
The appellants-plaintiff's in the action are the brothers and sister of Almer W. Beale, II, a Jacksonville attorney who died from cancer. The appellee, Nancy Beale, is the widow of Almer Beale. Almer and Nancy Beale had no children.
Almer and Nancy Beale purchased real property located in Marsh Harbour, Abaco, Commonwealth of the Bahamas for $180,000 in 1997, and improved the property with a single family residence that was completed in May of 1998, at a cost of approximately $525,000. It is undisputed that Nancy Beale obtained a joint interest in the Bahamian property at the time of its purchase in 1997, and that, by operation of law, she became the sole owner of the Bahamian property upon Almer Beale's death on January 26, 1999.
Appellants seek to impose a constructive trust on the Bahamian property based upon Appellee's alleged oral promise to Almer Beale that she would transfer the property into a trust for the benefit of Appellants. In their complaint, Appellants sought an order from the court "imposing a constructive or resulting trust upon defendant, Nancy Beale, decreeing that she holds the Bahamian property as a trustee for the benefit of the plaintiff's and their children and that she be required to maintain and prohibited from transferring or otherwise disposing of the Bahamian property during her lifetime."
Because Appellants seek to restrain Appellee's alienation of her Bahamian property, Florida's conflict of law rule is lex loci rei sitae (laws of the situs of the real property govern). See Connor v. Elliott, 79 Fla. 513, 85 So. 164, 165 (Fla. 1920)("So far as real estate or immovable property is concerned, the laws of the state where it is situated furnish the rules which govern its descent, alienation, and transfer, the construction, validity, and effect of conveyances thereof, and the capacity of the parties to such contracts or conveyances, as well as their rights under the same."); 10 Fla. Jur.2d Conflict of Laws § 27 (1997)("It is a universal principle that real or immovable property is exclusively subject to the laws of the country or state within which it is situated, and no interference with it by any other sovereignty can be permitted."). Therefore, Bahamian law applies.

II.
Section 2 of the Bahamas' Declaratory Act states that the Commonwealth of the Bahamas adopts and follows the common law of England unless a Bahamian statute or act provides otherwise. Martindale Hubbell Bahamas Law Digest, BHM2,3 (2001 ed.). Because there does not appear to be any Bahamian statute or act addressing the imposition of constructive *799 trusts, English common law controls Appellants' claim.
Under English common law, equity imposes a constructive trust on property where (1) there is a common intention or understanding between the proprietor (legal owner) and claimant (person asserting a claim to a beneficial interest) that claimant was to have a beneficial interest in the property; and (2) the claimant has acted either to the advantage of the proprietor or to his own detriment in reliance thereon. Lloyds Bank Plc. v. Rosset, [1991] 1 A.C. 107, 132 (H.L.1990); Banner Homes Group, Plc. v. Luff Developments Ltd., [2000] Ch. 372, 398-99 (Eng.C.A.2000). In this case, Appellants did not allege or show that they acted either to the advantage of Appellee or to their own detriment in reliance on Appellee's alleged promise to her husband that she would transfer their jointly-owned property into a trust for Appellants.
Therefore, no basis has been alleged or shown that would give rise to the imposition of a constructive trust by Appellants.
AFFIRMED.
MINER, LEWIS and POLSTON, JJ., concur.